In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by FRANCIS R. STODDARD, JR., Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Assets of NORSKE LLOYD INSURANCE COMPANY, LTD.

JAMES A. BEHA, as Superintendent of Insurance of the State of New York, et al., Appellants; NORWEGIAN RECEIVER OF NORSKE LLOYD INSURANCE COMPANY, LIMITED, et al., Respondents.

140

(Argued May 28, 1928; decided July 19, 1928.)

*Alfred C. Bennett* and *Clarence C. Fowler* for appellant. All assets of the domesticated United States Branch of the Norske Lloyd Insurance Company, Ltd., comprise a trust fund for the payment of all debts and liabilities arising out of the business transacted by the branch in this State and country. (*Matter of People [City Equitable Fire Ins. Co., Ltd.]*, 238 N. Y. 147; *Matter of People [Norske. Lloyd Ins. Co., Ltd.]*, 242 N. Y. 148; *Blake v. McClung*, 172 U. S. 239; *Lawrence v. Nelson*, 21 N. Y. 158; *N. Y. Life Ins. Co. v. Stratham*, 93 U. S. 24; *Ill. Surety Co. v. Paoli*, 121 N. Y. Supp. 340; *Mygatt v. N. Y. Protection Ins. Co.*, 21 N. Y. 52; *De Peyster v. Am. F. Ins. Co.*, 6 Paige, 486.) Interest should be paid to all policyholders and creditors of the domesticated United States Branch on their debts at the legal rates prescribed by the statutes of this State. (*Blake v. McClung*, 172 U. S. 239; *Martine v. International Life Ins. Co.*, 53 N. Y. 339; *Sands v. N. Y. Life Ins. Co.*, 50 N. Y. 626; *Spring Coal Co. v. Keech*, 239 Fed. Rep. 48; *People v. Am. Loan & T. Co.*, 172 U. S. 371; *Thomas v. Western Car Co.*, 149 U. S. 116; *Woerz v. Schumaker*, 161 N. Y. 530; *Matter of O'Berry*, 179 N. Y. 285; *Havender v. Brodbeck*, 83 Misc. Rep. 9; *Hatcher v. Lewis*, 4 Rand [Va.], 152; *Pyor v. City of Buffalo*, 197 N. Y. 123.)

*Louis J. Wolff* for Marsh & McLennan, Inc., et al., appellants. The claims of policyholders and creditors of the domesticated United States Branch of the Norske Lloyd Insurance Company, Ltd., upon which interest has been disallowed, are interest-bearing in character. (*American Iron Co. v. Seaboard Air Line Ry. Co.*, 233 U. S. 261; *Prager v. N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Tuzzeo v. American Bonding Co.*, 226 N. Y. 171; *Faber v. City of New York*, 222 N. Y. 255; *Klausner*

v. *Queens Fur Dressing Co., Inc.*, 130 Misc. Rep. 579; *People* v. *Merchants' Trust Co.*, 187 N. Y. 293; *People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 114; *Mason* v. *Cronk*, 125 N. Y. 496.) The fact that the United States Branch of the Norske Lloyd Insurance Company, Ltd., was taken over for liquidation by the Superintendent of Insurance of New York because of the insolvency of the company at its domicile, did not stop the running of interest upon those claims, in view of the solvency of the United States Branch. (*Thomas* v. *Western Car Co.*, 149 U. S. 95; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *Matter of Empire State Surety Co.*, 125 Misc. Rep. 806; *People* v. *Norske Lloyd Ins. Co., Ltd.*, 130 Misc. Rep. 97.) The deposits and trust funds of the Norske Lloyd Insurance Company, Ltd., must be applied to pay the claims of the appellants in full, before any portion can be sent abroad for the benefit of other claimants. (*People ex rel. Ruggles* v. *Chapman*, 64 N. Y. 557; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147; *Frasse & Co.* v. *Hartford Automotive Parts Co.*, 300 Fed. Rep. 876; *People* v. *Insurance Co.*, 147 N. Y. 25.)

*M. P. Detels* and *C. W. Harvey* for Fireman's Fund Insurance Company et al., appellants. Although the United States Branch is not a separate corporation it must be treated as a separate organization so far as its creditors are concerned. (*Martine* v. *International Life Ins. Society*, 53 N. Y. 339; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447; *Matter of Willcox*, 123 App. Div. 86; *Lockwood* v. *U. S. Steel Corp.*, 209 N. Y. 375; *Comey* v. *United Surety Co.*, 217 N. Y. 268; *McClement* v. *Sup. Court Ind. Order Foresters*, 88 Misc. Rep. 475; *James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248.) A receivership does not necessarily terminate the right of a creditor to interest. (*American Iron Co.* v. *Seaboard Air Line*, 233 U. S. 261.) Creditors of the United States Branch will not be paid in full unless they receive interest. (*Prager*

v. *N. J. Fid. & Plate Glass Ins. Co.*, 245 N. Y. 1; *General Supply & Constr. Co.* v. *Goelet*, 241 N. Y. 28.)

*George W. Martin* and *Richard S. Emmet* for North Star Insurance Company et al., *amici curiæ*. The creditors of the American Branch are " secured " and not merely " preferred." (*Matter of People* [*Norske Lloyd Ins. Co., Ltd.*], 242 N. Y. 148: *People* v. *Granite State Provident Assn.*, 161 N. Y. 492.) Neither the appointment of a receiver nor the taking over by him of the corporate assets terminates the right of any creditor to have interest run on his claim, but merely limits his remedies *in rem* to effectuate its payment. (*Thomas* v. *Western Car Co.*, 149 U. S. 95; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *American Iron Co.* v. *Seaboard Air Line*, 233 U. S. 261; *People* v. *Merchants Trust Co.*, 187 N. Y. 293.) The general rule that collateral security must be devoted to the payment of the secured creditors with interest in full before unsecured creditors can share in it is not suspended by receivership but determines the remedial rights of the secured creditors against the trust funds set up by the Norske Lloyd for their security. (*Chemical Nat. Bank* v. *Armstrong*, 59 Fed. Rep. 372; *American Engineering Co.* v. *Met. By-Products Co., Inc.*, 267 Fed. Rep. 90; 254 U. S. 640; *Spring Coal Co.* v. *Keech*, 239 Fed. Rep. 48; *Hoover Steel Ball Co.* v. *Schaefer Ballbearing Co.*, 90 N. J. Eq. 515; *People* v. *Granite State Provident Assn.*, 161 N. Y. 492.)

*Charles E. Hughes, Clarence B. Smith* and *Wendell P. Barker* for Norwegian Receiver of Norske Lloyd Insurance Company et al., respondents. The general rule is that, where funds are insufficient to pay creditors in full, preferred creditors will not receive interest. (*People* v. *American L. & T. Co.*, 172 N. Y. 371; *People* v. *Metropolitan Surety Co.*, 158 App. Div. 647; *Matter of Carnegie Trust Co.*, 161 App. Div. 280; *U. S. F. & G Co.* v. *Car-*

negie Trust Co., 161 App. Div. 429; *U. S. F. & G. Co.* v. *Borough Bank*, 161 App. Div. 479; *Matter of Empire State Surety Co.*, 125 Misc. Rep. 806; *Mixter* v. *Mohawk Clothing Co.*, 155 N. Y. Supp. 647; *Thomas* v. *Car Co.*, 149 U. S. 95; 37 L. Ed. 663.) In matters of supervision a foreign corporation doing business here is treated like a domestic corporation. (*Norske Lloyd Case*, 242 N. Y. 148; *Comey* v. *United Security Co.*, 217 N. Y. 268; *Lockwood* v. *U. S. Steel Corp.*, 209 N. Y. 375; *Remington & Sherman Co.* v. *Niagara Bank*, 54 App. Div. 358; *Shepard & Morse Co.* v. *Burleigh*, 27 App. Div. 99; *German Alliance Ins. Co.* v. *Lewis*, 233 U. S. 389; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147.)

*Willard U. Taylor, Irving Mariash* and *Daniel A. Dorsey* for American Exchange National Bank et al., respondents. There is no provision in any statute which provides for the payment of interest to the secured creditors in this proceeding and, therefore, no interest is payable to them. (*People* v. *American L. & T. Co.*, 172 N. Y. 371; *Murphy* v. *Second Russian Ins. Co.*, 240 N. Y. 554.) The United States branch of a foreign insurance company is not a separate entity, except as expressly provided by statute and limited to such statutory purposes. Legal fictions will not be extended beyond the necessities of their creation. (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148.) Principles of comity will extend the doctrine that equality is equity to its full measure, even as between foreign and domestic creditors, unless expressly limited by statute. (*People* v. *Granite State Provident Assn.*, 161 N. Y. 492.)

*William H. Hotchkiss* for British and Foreign Marine Insurance Company et al., respondents. The United States branch of a foreign country insurance company is considered as a separate entity only for the purposes of police power supervision while said branch is transacting business in this State. It is not considered a separate

entity for all purposes. (*German Alliance Ins. Co.* v. *Lewis*, 233 U. S. 389; *Matter of Norske Lloyd Ins. Co.*, 242 N. Y. 148; *People* v. *American L. & T. Co.*, 172 N. Y. 371; *Murphy* v. *Second Russian Ins. Co.*, 240 N. Y. 554.)

LEHMAN, J. The Norske Lloyd Insurance Company, Limited, is a Norwegian corporation. It was authorized in 1916 to do business in the State of New York. Before it commenced to transact business in this State it deposited securities with the Insurance Department of the State and executed a deed of trust of its assets and property here to the Guaranty Trust Company of New York for the general benefit and security of all its policyholders in the United States, as required by the Insurance Law (Cons. Laws, ch. 28), section 27. Thereafter the corporation became insolvent, and liquidators were appointed in Norway and in England. In November, 1922, the corporation was adjudicated bankrupt by the Bankruptcy Court in Norway, and an official receiver was appointed there to take possession of the company's assets and property for distribution among its creditors.

In May, 1922, pursuant to an order of the Supreme Court, the Superintendent of Insurance of the State of New York took possession of the assets of the corporation in the United States for the purpose of liquidation and distribution. Claims were presented to the Superintendent of Insurance by United States citizens and by citizens of foreign countries. These claims arose out of transactions which the claimants had with the corporation in foreign countries, as well as in the United States. In *Matter of People (Norske Lloyd Insurance Co.)* (242 N. Y. 148) we held that only those who dealt with the company in the United States were entitled to the protection of the statute and " to share in the distribution made thereunder." Other creditors, including American

citizens, may share only in the distribution of assets of the foreign liquidators, appointed in the jurisdiction where the corporation is domiciled, to whom the Superintendent of Insurance must transmit any surplus of the funds in his charge, remaining after the payment of those creditors who are entitled to payment therefrom. (*Matter of People* [*City Equitable Fire Insurance Company*], 238 N. Y. 147.) Provision for the proof of claims in this country by creditors who are not entitled to share in the distribution of the assets by the Superintendent of Insurance may be made by the courts as a condition for the transmission of the surplus to the foreign liquidator, but such proof is " against, and for the purpose of distribution of assets by, the foreign receiver." (*Matter of People* [*Norske Lloyd Insurance Co.*], *supra.*)

The report of the Superintendent of Insurance now shows that there will be a large surplus of assets in his charge after the payment of the claims of creditors entitled to share in the distribution of assets here. Even though this surplus is transmitted to the foreign liquidator, the American and foreign creditors, who dealt with the foreign branches of the company and who may share only in the distribution by the foreign liquidator, will not receive dividends amounting to as much as forty per cent of their claims. The Appellate Division has held that under these circumstances the creditors whose claims arise from transactions with the American branch of the company are not entitled to any interest upon their claims which accrued during the period of liquidation. It has certified to us the question of whether such creditors " are entitled to be paid interest from the day their claims were proved until paid, in addition to the payment of their claims in full."

" As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the

law; it is a necessary incident to the settlement of the estate." (*Thomas* v. *Western Car Co.*, 149 U. S. 95.) Delay in the payment of a claim undoubtedly results in injury to the creditor. He does not receive full compensation unless interest is paid to him during the time in which payment of his claim is postponed. When the fund is insufficient to pay in full all the creditors who have the right to share in it, the burden of the consequent loss and injury should be equitably distributed among the creditors. The rule that interest is not allowed after the property of an insolvent has passed into the hands of an official liquidator applies only in the distribution of the proceeds of the property by the liquidator where the proceeds are insufficient to pay all creditors in full. It is a rule of administration and not of law, for the law does not contemplate that a debtor may stop the running of interest until he has paid his debt. Interest continues to run against the debtor during liquidation; but on the principle that equality is equity, it has been held that all who have a right to share in the distribution of the fund in liquidation must bear equally the burden of the delay in the payment of their claims where the fund is insufficient to pay all in full. The rule is not applied when the reason for the rule fails. (*American Iron & Steel Mfg. Co.* v. *Seaboard Air Line Ry.*, 233 U. S. 261.) If the fund in liquidation proves sufficient to pay all claims in full with interest, then interest accruing during liquidation is allowed. (*People* v. *Merchants' Trust Company*, 187 N. Y. 293.)

Here, as we have pointed out, the assets of the corporation in the hands of the Superintendent of Insurance are more than sufficient to pay the claims, with interest, of all creditors who may share in the distribution of the proceeds of the assets here. Other claimants may share only in the surplus when transmitted to the domiciliary liquidator, after the creditors who are protected by the provisions of the Insurance Law have been paid. Even

proof of claims by such other creditors is permitted in this country only as a matter of favor and for the purpose of distribution of assets by the foreign receiver. The question before us is whether the creditors who may share in the distribution of the assets by the Superintendent of Insurance shall not be paid interest accruing during liquidation because the assets of the corporation abroad are insufficient to pay other creditors in full.

This court has laid down the general rule that " while interest is allowed as against the corporation itself, or its stockholders, if the assets are sufficient for the purpose, as between preferred and unpreferred creditors no interest is allowed after the law takes charge through the appointment of a receiver." (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371.) It was there said that the receiver " is appointed for the benefit of all the creditors, both preferred and unpreferred, and holds the assets * * * primarily for them * * *. Thereupon by operation of law the creditors become the equitable owners of the assets and the administration of affairs is for their benefit as such. The claims of creditors * * * are not proved against the insolvent and dissolved nonentity, but against the fund in the receiver's hands. In the distribution of that fund the general rule applicable to insolvent estates, that equality is equity, should prevail so far as the statute, when reasonably construed, will permit." Denial in the present case of payment of interest to the claimants who may share in the distribution of the assets of the insurance company here is based upon a supposed analogy between such claimants and the preferred creditors of an insolvent corporation.

The analogy seems quite illusory. We have pointed out in *Matter of People ( Norske Lloyd Insurance Company) (supra)* that the Legislature in allowing foreign insurance companies " to do business in this State and country intended to treat the domestic agency largely as a complete and separate organization, to place it on a parity

with domestic corporations, to supervise and regulate it as such and to require it by the deposit of prescribed assets to set up within this country a capital corresponding to that of domestic corporations and which should be security for business transacted by it here and not elsewhere." Creditors who have dealt with the insurance company here have more than a preference in the distribution of the proceeds of the assets of the corporation on liquidation, or even than a specific lien upon the assets. They are the only claimants who are entitled to share in that distribution. They are the only persons who on liquidation may be regarded in some sense as the equitable owners of the fund in liquidation. All others must look for satisfaction of their claims to the domiciliary representative of the foreign company and not to the fund here. The doctrine that equality is equity can have no application in the liquidation of assets beyond the groups or classes which may share in the distribution under the State. Here " the statute does not classify in different degrees of preference those who are entitled to its protection. They are all in the same class; claimants are entitled to equal protection of the statute or to none at all."

We cannot escape the conclusion that the Legislature in providing carefully for the deposit here of capital by the foreign company for the security and protection of those who transact business with the company here intended to provide protection as complete as can be given to them through the liquidation of the assets or capital so deposited for their benefit. Concededly, under the statute the claimants who are entitled to the protection of the statute would receive in this proceeding payment of interest on their claims if the foreign corporation were not insolvent. These claimants may not be deprived of the full benefit of the provisions of the statute requiring deposit of capital here sufficient to protect fully those dealing with the foreign company

here, because elsewhere the assets applicable to payment of debts proves insufficient.

The orders of the Appellate Division should be reversed, and that of Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered " Yes."

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.