353 P.2d 465

Sallie SULLIVAN et al., and John T. and June Curnutte, Plaintiffs and Respondents,

v.

UTAH GAS SERVICE COMPANY et al., Defendants,

Erma Ransdell, d/b/a The Lariat Cafe, Defendant and Appellant.

No. 8971.

Supreme Court of Utah.

June 21, 1960.

Nielsen & Conder, Clyde & Mecham, Elias L. Day, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, Adams, Peterson & Anderson, Monticello, for respondent.

WADE, Justice.

This case is here on an intermediate appeal by Erma Ransdell, appellant herein, from a summary judgment in favor of respondents John T. Curnutte and June Curnutte on the question of her liability for injuries suffered by them as the result of an explosion in the Lariat Cafe.

From the pleadings and depositions it appears that Erma Ransdell as an owner of the Lariat Cafe in Monticello, Utah, agreed to buy natural gas in the cafe instead of butane gas which was being used. The pleadings alleged that the Utah Gas Service Company, a corporation, which desired to sell natural gas to the cafe, negligently installed its gas pipes and negligently disconnected the propane gas lines in the cafe and that appellant negligently invited the public into the cafe and allowed gas to escape there. That an explosion occurred and the proximate cause of the injuries of respondents was due to the Utah Gas Service Company's and appellant's negligence. Appellant admitted that the proximate cause of respondents' injuries was the negligence of the Utah Gas Service Company but denied that she was negligent.

It is appellant's contention that the negligence of the Utah Gas Service Company, which she admitted, cannot be imputed to her as a matter of law and that she has a right to a jury trial on the issue of liability.

It is respondents' contention that appellant employed the Utah Gas Company to convert from propane to natural gas, and, therefore, her admission that it was negligent in the installation of its gas lines, which negligence was the proximate cause of respondents' injuries, made her liable for these injuries because under the facts disclosed in the record and pleadings she comes within two exceptions to the general rule that an employer is not liable to third persons for the torts of an independent contractor. One exception is that as owner of the premises she had a nondelegable duty to keep the premises reasonably safe for business invitees and is, therefore, liable for the Gas Company's negligence as if it were her own.[1] The other exception is the one in which the work which the employer has hired to be done is inherently dangerous, or could be dangerous to others unless particular precautions are taken.[2] Respondents argue that because gas is an inherently dangerous substance having explosive propensities which may be set off by any flame or spark if it is allowed to accumulate in buildings by any leakage, great care must be taken in installing or disconnecting pipes

---

1. Prosser on Torts, 2d Ed., 359; 2 Harper & James, The Law of Torts, Sec. 26.11, page 1406; 2 Restatement of the Law of Torts, Sec. 422; 23 A.L.R. 1009.

2. Prosser on Torts, 2d Ed. 357; 2 Harper & James, The Law of Torts, Sec. 26.11, page 1408; 27 Am.Jur. Independent Contractors, Sec. 38, page 515; Restatement of the Law of Torts, Sec. 427.

to prevent such leakages and unless such care is taken injurious consequences must be expected to arise; therefore, the installation or disconnection of gas pipes are inherently dangerous to others unless particular precautions are taken.

If appellant had employed the Utah Gas Service Company to install gas pipes for her, respondents' contentions would be meritorious. The fault with the contention is that it assumes a relationship not borne out by the pleadings or record. The relationship pleaded is not that of employer and employee, but that of seller and purchaser. The complaint alleged: "That defendant Utah Gas Service Company is engaged in the business of distributing natural gas. That on and before August 12, 1956, defendant company installed *its* gas lines in the Lariat Cafe for the purpose of selling natural gas to the said Lariat Cafe. That after the installation and on the 13th day of August, 1956, an explosion occurred in the Lariat Cafe * * *." (Emphasis ours.)

It is apparent that the installation of the gas lines and any work done in connection therewith was done for the benefit of the Utah Gas Service Company so that it would be able to deliver the natural gas to its purchaser, the Lariat Cafe. Appellant's relationship to the Utah Gas Service Company and responsibility for any of its acts would be more nearly analagous to that of a scoutmaster who took a group of his scouts on a public utility such as a bus company. Surely, it would not occur to anyone to hold the scoutmaster liable for any injuries to his scouts caused by the negligence of the bus company's employees simply because he availed himself of the services offered. Under Utah statutes a gas company which delivers its product to the public for which payment is received is a public utility [3] and subject to the control and regulation of the Public Service Commission for the protection of the general public, both financially and in its other activities. Where the activities of a public utility are concerned, therefore, there appears to be no good reason why as a matter of public policy a customer of such utility, who is not himself negligent should be held liable for negligence of the utility which causes the injury to the third person, simply because he availed himself of the services or commodity offered by it.

From what we have said it follows the court erred in granting a summary judgment as to liability based on appellant's admission that the gas company was negligent and that its negligence was the proximate cause of the respondents' injuries.

Reversed. Costs to appellant.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

3. Sec. 54-2-1(28) U.C.A.1953.