■ THE PEOPLE OF THE STATE OF NEW YORK v. DAN ANDERSON.— Motion for leave to appeal to the Court of Appeals dismissed. Leave to appeal to the Court of Appeals in a criminal action may only be made by application to a Justice of the Appellate Division or a Judge of the Court of Appeals (Code Crim. Pro., § 520). Concur — Botein, P. J., Stevens, McGivern, Rabin and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID CARTER.— Motion for reargument denied. That branch of the motion seeking leave to appeal to the Court of Appeals is dismissed, without prejudice to an application to a Judge of the Court of Appeals or to a Justice of this court for certification that a question of law is involved which ought to be reviewed by the Court of Appeals, pursuant to subdivision 1 of section 520 of the Code of Criminal Procedure. Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and Witmer, JJ.

(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GEORGE TONGE, Appellant.— Order entered on June 13, 1966 denying, after a hearing, appellant's application for a writ of error *coram nobis*, unanimously affirmed. However, a copy of the trial minutes which appellant requested shall be furnished to him, and the affirmance shall be without prejudice to a motion by appellant, if so advised, made within 60 days after receipt of the minutes, for a new hearing on his *coram nobis* application aforesaid. The order of this court entered on December 21, 1967 [29 A D 2d 535] is vacated. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

(February 29, 1968)

■ In the Matter of the Liquidation of MANHATTAN CASUALTY COMPANY. JAMES JOINER, as Administrator of the Estate of JAMES JOINER, JR., Deceased, Appellant; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of Manhattan Casualty Company, Respondent.— Order, entered January 6, 1967, confirming the Referee's report, unanimously modified, on the law and the facts, to increase the award for wrongful death to $5,504.06 with interest thereon from December 5, 1959 to May 24, 1963, and otherwise affirmed, with $50 costs and disbursements to appellant payable out of the funds in the hands of the Superintendent of Insurance as liquidator. The award of $3,504.06 for the wrongful death of this nine-year-old boy, survived by his father and mother, was inadequate on the facts of this case. We find that on the record the sum of $5,000 constitutes fair and just compensation for pecuniary loss suffered by the persons for whose benefit the claim is made; and $504.06 shall be added to the award for reasonable funeral expenses. Interest on the total sum should be allowed from the date of death to the date of appointment of the liquidator of the insolvent liability insurer. (See Decedent Estate Law, § 132; *Matter of People [Norske Lloyd Ins. Co.]*, 249 N. Y. 139.) Concur — Stevens, J. P., Eager, Tilzer, McGivern and Bastow, JJ.