■ In the Matter of RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Appellant, v. CITIZENS CASUALTY COMPANY OF NEW YORK, Respondent.— Judgment, entered January 5, 1970, dismissing the petition in a proceeding pursuant to section 511 of the Insurance Law for an order of rehabilitation of the respondent on the ground of insolvency, unanimously reversed, on the facts and on the law, without costs and without disbursements, and the relief sought in the petition granted. The petition of the Superintendent of Insurance to take over and rehabilitate the respondent Citizens Casualty Company of New York upon the ground of its insolvency as of December 31, 1967, was initiated in April, 1968. This court in July, 1968 affirmed an order of the Supreme Court directing the Superintendent to take possession of Citizens, one Justice dissenting and voting to remand on the ground that the respondent had been denied a full hearing. (*Matter of Stewart* [*Citizens Cas. Co.*], 30 A D 2d 293.) In December, 1968 the order of affirmance of the Appellate Division was reversed by the Court of Appeals (three Judges dissenting) and the case was remanded to give the insurer an opportunity upon a full hearing to present its evidence of solvency. (*Matter of Stewart* [*Citizens Cas. Co.*], 23 N Y 2d 407.) Prior to the retrial under review, the respondent insurer amended its answer to plead affirmative defenses of solvency as of December 31, 1968 and as of August 31, 1969. The retrial took some 12 days in November and December, 1969. The respondent insurer did not dispute the findings of the petitioner's examiners concerning the assets of the respondent as of December 31, 1967 and

December 31, 1968. Nor was there dispute with respect to the liabilities of the respondent other than the adequacy of reserves required to be maintained as of those dates. Further limiting the area of controversy, the adequacy of the reserves was contested solely with reference to the reserves required for unknown losses (Insurance Law, § 326, subd. 2, par. [b]). Reserves for unknown losses are bulk reserves established on an "in perpetuity" basis. They are made up of "A & R" ("additional and reopened") claims and "IBNR" ("incurred but not reported") claims. The only evidence adduced by the respondent with respect to the "in perpetuity" reserves was that of an independent expert certified public accountant who testified with reference to the data supplied to him by the respondent. The report of this expert, admitted in evidence over objection, bore the following preface: "We did not make an audit in accordance with generally accepted auditing standards and accordingly can express no opinion as to the amount of the A & R and IBNR provisions for loss and loss expense calculated by us, losses developed by Citizens or the validity of the data used in our calculations." Nevertheless, even if petitioner's figures for the "in perpetuity" reserve be reduced to those as testified to by this expert, the respondent would still be insolvent as of December 31, 1968 by a sum in excess of three million dollars. Following the remittitur by the Court of Appeals, the respondent neglected to have a complete audit made of its records of account as of any particular date. The status of its business as one having an excess of assets over required reserves and other liabilities, was never established. It failed to prove its defense of solvency as of December 31, 1968, or as of any other date subsequent thereto. We find upon the evidence adduced at this full hearing that: 1. The respondent was insolvent as of December 31, 1967 in the minimum amount of $4,490,808.82 within the meaning of section 93 of the Insurance Law. 2. The respondent was insolvent as of December 31, 1968 in the minimum amount of $5,269,693.46 within the meaning of section 93 of the Insurance Law. 3. The respondent failed to prove its own solvency at any time. 4. The respondent failed to repair capital impairment despite lawful demands made therefor by the petitioner pursuant to section 94 of the Insurance Law, and consequently is liable to rehabilitation on the grounds stated in that section and section 511 (subd. [c], [e]) of the Insurance Law. 5. The petitioner is entitled to a judgment for the rehabilitation of the respondent upon the grounds stated in sections 93, 94 and 511 (subd. [a], [c], [e]) of the Insurance Law. Settle judgment on notice. Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ. [61 Misc 2d 809.]