Steven John SLOTKIN, an infant by his mother and natural guardian, Charlotte Slotkin, and Charlotte Slotkin, as Executrix of the Estate of Bert Slotkin, deceased, Plaintiffs,

v.

CITIZENS CASUALTY CO. OF NEW YORK, Allstate Insurance Company, American Motorists Insurance Company, American Mutual Insurance Company of Boston, Employers Mutual Liability Insurance Company of Wisconsin, Guaranty Reinsurance Company, Urbaine Fire Insurance Company, Grange League Insurance Co., National Casualty Co., Hardware Mutual Casualty Co., Arwright-Boston Mfrs. Mutual Insurance Co., Paul Ratner, George Berkowitz, Christopher McGrath, Jr. and John McGrath, Defendants.

No. 71–Civ. 4044.

United States District Court,
S. D. New York.

Jan. 28, 1982.

William F. O'Connor, New York City, Attorney for defendant American Mutual Ins. Co. of Boston.

Bower & Gardner, New York City (Howard R. Cohen, New York City, of counsel), for defendant Guaranty Reinsurance Co.

Tell, Cheser, Breitbart & Lefkowitz, New York City (Seymore Lefkowitz, New York City, of counsel), for defendant George Berkowitz.

Hart & Hume, New York City (Joseph A. Bergadano, New York City, of counsel), for defendant Christopher McGrath, Jr.

Casey, Lane & Mittendorf, New York City (Preben Jensen, New York City, of counsel), for defendant John McGrath.

Proskauer, Rose, Goetz & Mendelsohn, New York City (Lois D. Thompson, New York City, of counsel), for third-party defendants Brookdale Hospital, Bernard Furr, and Morrell Goldberg.

Friedman & Eisenstein, New York City (Jethro M. Eisenstein, Max Toberoff, Theodore H. Friedman, New York City, of counsel), for plaintiffs.

Granik, Silverman, Sandberg & Nowicki, New York City (Paul Nowicki, New York City, of counsel), for defendant Citizens Cas. Co.

D'Amato & Lynch, New York City (Kenneth A. Sagat, Elliot B. Pasik, Grace B. Goldblatt, New York City, of counsel), for defendants Allstate Ins. Co., Urbaine Fire Ins. Co., Arkwright-Boston Mfrs. Mut. Ins. Co., Hardware Mut. Cas. Co., and Nat. Cas. Co.

## MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

This case is a fraud action arising from the settlement in 1971 of a hospital malpractice action brought by plaintiffs in the Supreme Court, Kings County, against Brookdale Hospital Center. The hospital's primary insurer was Citizens Casualty Company of New York ("Citizens"), with whom the hospital had primary malpractice insurance coverage for up to $200,000. In addition, the hospital had $1,000,000 in excess coverage written by Lloyd's of London.

Citizens assumed the defense of Brookdale, and after considerable negotiations the case was settled on the record for $185,-000, which settlement was subsequently approved by the Court. During the settlement negotiations, however, representations were made by an employee of Citizens named Ratner, and by two attorneys who represented Citizens' interest and the hospital, that the hospital had insurance coverage of only $200,000. These representations were made on the record by individuals who had information that the hospital had excess insurance coverage with certain insurers, for up to one million dollars. Although plaintiffs discovered this misrepre-

sentation before the settlement had been made final the state trial judge approved the settlement and plaintiffs accepted the $185,000, asserting that they nevertheless had the right to sue for fraud. A fraud suit was thereafter commenced in federal court, and after a trial on the merits the plaintiffs prevailed, obtaining a verdict totalling $680,000. The District Judge before whom the case was tried, Hon. Milton Pollack, granted judgment to the defendant reinsurers at the end of the plaintiffs' case, and entered judgment notwithstanding the verdict in favor of the remaining defendants at the end of the trial. 447 F.Supp. 253.

On appeal, Judges Oakes and Gurfein found that plaintiffs could legitimately sue for fraud, despite having accepted a settlement after the fraud was revealed. *Slotkin v. Citizens Casualty Co.*, 614 F.2d 301 (2d Cir. 1979). The Court also held that all but one of the defendants (Berkowitz) against whom verdicts were returned were liable jointly and severally for the full amount of the verdict. Finally, the Court found that the case against the reinsurers had been sufficient to go to the jury on the theory that Ratner had been in touch with officers of the reinsurers during the negotiating process. On the other hand, the Court found that the case against the reinsurers was insufficient to justify a retrial against the reinsurers alone in light of the fact that a verdict had been returned covering all of plaintiffs' damages. The Court held that the plaintiff had the option of reinstating "the verdict and judgment of $680,000 against Citizens and the three individuals, or they may retry the case ab initio against all appellees except George Berkowitz on both liability and damages. They may not do both." 614 F.2d at 318. Judge Van Graafeiland dissented.

An application for rehearing was filed by several of the parties. The reinsurers were particularly concerned about the effects of the Court's ruling upon reinsurance law in New York. They pointed out that the hospital's reinsurers had been liable for only portions of a recovery above $50,000 and up to $200,000. Consequently, all that they

stood to gain by participating in the fraud was a total saving of $15,000, or only several hundred dollars each. *See Slotkin v. Citizens Casualty Co., supra,* 614 F.2d at 318 n.1 (Van Graafeiland, J., dissenting). Furthermore, the reinsurers noted that their contract was with Citizens Casualty and not with the hospital or any other party in privity with the plaintiffs. Finally, they pointed out that Ratner was an employee of Citizens. Therefore, the reinsurers argued that it could not be said, as the Court of Appeals suggested, that the same evidence that might justify a finding that Ratner acted as an agent of Citizens Casualty could also justify a finding that he acted as their agent.

The Court on rehearing sought to allay any fears on the part of the reinsurance industry. The panel majority disclaimed an intention to affect the traditional division between insurers and reinsurers. They also stated that the purpose of their earlier opinion was to make clear, on the particular facts, only that the plaintiffs' case against the reinsurers should have been permitted to get to the jury. The majority reiterated, however, that the plaintiffs would be permitted to sue the reinsurers in a new litigation only if they chose to retry the case ab initio against all the appellees on both liability and damages. Moreover, the Court added that the trial judge in the retrial would still be empowered to review the evidence introduced against the reinsurers to determine whether plaintiffs have met "their burden of proof to take the issue of agency to the jury." 614 F.2d at 323. Thus, the Court indicated that it was willing to permit the trial judge to reconsider the sufficiency of the evidence against the reinsurers, in the event plaintiffs opted for a retrial.

The mandate of the Court of Appeals was docketed on December 16, 1980. Judge Pollack ordered on January 19, 1981, that plaintiffs make, serve, and file their election on or before February 19, 1981. Plaintiffs negotiated with the nonreinsurer defendants, and reached a settlement with them, under which the liquidator of Citizens (now in receivership) would allow plaintiffs a claim of $1,000,000, and the individual defendants would pay another $100,000 cash. The settlement was signed on February 19; plaintiffs' counsel then filed at 4:50 p. m. that day an election stating: "plaintiffs elect not to proceed on the verdict and judgment and are electing to retry the case." In this way, plaintiffs wished to obtain settlements in lieu of seeking to enforce the judgments, and at the same time possibly to secure some additional money from the reinsurers after a new trial or by settlement.

Plaintiffs sought and obtained from the Supreme Court, Kings County, a compromise order approving the settlement of the infant plaintiff's claim. They then submitted to this Court for its approval a stipulation of discontinuance between plaintiffs and all the settling defendants. Judge Pollack refused to sign the discontinuance.

Plaintiffs moved to have Judge Pollack recuse himself. Judge Pollack requested the Assignment Committee to reassign the case, which they did to the undersigned. The reinsurers meanwhile had moved to dismiss. After a review of the file, the Court ordered the parties to file full and complete motions to dismiss and for summary judgment. Plaintiffs in particular were ordered to place before the Court all the evidence they intended to introduce to establish that Ratner acted as agent for the reinsurers. The Court also, meanwhile, refused to sign the proposed stipulation of discontinuance, since its approval might prejudice the rights of the reinsurers.

Plaintiffs' position is that the Court of Appeals permitted them two options: rely upon the judgment by reinstating the verdict, or retry the case ab initio. They are not relying upon the judgment or reinstating the verdict, they claim, and therefore have the right to try the case ab initio. While the trial they contemplate will be only against the reinsurers, rather than all the defendants, this was only because plaintiffs have settled with the other defendants. The Court of Appeals did not and could not limit plaintiffs' right to settle, plaintiffs

contend, noting that none could question the infant plaintiff's right to make the identical settlement with the same defendants after electing to retry the case, and then proceeding with the action against the remaining (reinsurer) defendants. Tober-off Affidavit at 3.

Plaintiffs are at best superficially correct in stating that they have chosen not to rely upon the verdict. They obtained the benefit of a substantial settlement no doubt in large part because they had a verdict which they could have reinstated. In fact, they kept the option to reinstate open until the very last hour, and gave up that option only after obtaining—and in exchange for—the settlement. The settlement is for a greater dollar amount than the verdict, but may actually provide plaintiffs with somewhat less than the verdict since Citizens is in receivership. But the verdict itself may have been worth less than its face amount because of Citizens' financial condition. The settlement was for a greater face amount than the verdict, in fact, as part of a scheme to enable plaintiffs to recover an amount roughly equivalent to the verdict itself, since Citizens will not be able to pay dollar for dollar on plaintiffs' claims. So plaintiffs have in substance obtained the benefits of the verdict, and may well obtain as much or more than they could have obtained by enforcing the verdict.

Furthermore, plaintiffs are wrong in contending that, because they could have settled in midtrial with all the defendants except the reinsurers, and then proceeded against the reinsurers, they should be able to proceed with the case in the present posture. First, their premise is suspect; the Court of Appeals permitted a trial against the reinsurers only as part of a trial against the other defendants as well, indicating that a trial against the reinsurers alone would not be warranted on the record in this case. Nevertheless, assuming that the plaintiffs are correct in their assumption, the present situation is different. It is clear from the fact that the settlement here was obtained before plaintiffs had surrendered the option to enforce the verdict that the plaintiffs obtained in the settlement the

benefits of the verdict. Had plaintiffs allowed the time to elect to pass without settling, and then gone to trial, any subsequent settlement would not have been based on reliance on the verdict.

Finally, a review of the full record, including plaintiffs' submission on the motion for summary judgment, reveals that no material issue of disputed fact exists with respect to whether Ratner was authorized to represent the reinsurers in his negotiation with plaintiffs. No one can or will claim that any authority was given by any reinsurer to Ratner. The only testimony conceivably adverse to the reinsurers on this score would be the reading of the now deceased Ratner's statement that he had spoken to representatives of the reinsurers during the negotiations. That would not suffice to sustain a verdict against the reinsurers.

The complaint is dismissed as to the reinsurers for the reasons that further prosecution of the claim against them is precluded by the decision of the Court of Appeals, and because those claims are insufficient as a matter of law. Fed.R.Civ.P. 56(b). The complaint is also dismissed as to all other defendants on the ground that the Court has been authoritatively informed that the suit against those defendants is settled and ended. In the event this judgment becomes conclusive, because it is either affirmed by the higher courts or not appealed, the Court will then sign the stipulation of discontinuance between plaintiffs and the nonreinsurer defendants.

The Clerk will enter judgment dismissing the entire complaint.

SO ORDERED.