# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 8, 2012 Session Heard at Memphis

## EDDIE C. PRATCHER, JR. v. METHODIST HEALTHCARE MEMPHIS HOSPITALS ET AL.

**Appeal by Permission from the Circuit Court for Shelby County**
**No. CT-0070011-00     Donna Fields, Judge**

---

**No. W2011-01576-SC-S09-CV - Filed June 28, 2013**

---

WILLIAM C. KOCH, JR., J., dissenting.

This case has gone unresolved for far too long. It was finally tried more than six years after Ms. Pratcher's death and after the filing of four amended complaints. After the jury returned a defendant's verdict, the trial court granted a new trial because of a perceived shortcoming in the verdict form and because of its disagreement with the jury's verdict. With the second trial pending, one of the defendants sought to amend its answer to include a substantively meritorious defense based on the statute of repose in Tenn. Code Ann. § 29-26-116(a)(3) (2012). With little explanation or analysis, the trial court denied the motion to amend on the ground of waiver.

The controlling question before us is whether the trial court abused its discretion when it denied the defendant's motion to amend its answer. While the Court appears to believe that the answer to this question is open and shut, I believe it is a very close call in light of the unique facts of this case.

Under the Tennessee Rules of Civil Procedure, pleadings are no longer technical traps that ensnare unwitting lawyers. However, they are more than mere procedural niceties. Their purpose is (1) to inform the opposing party and the court of the nature of the claims and defenses being asserted by the parties, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1182, at 17-18 (3d ed. 2004), and (2) to enable opposing parties to prepare for trial. *Sanford v. Waugh & Co.*, 328 S.W.3d 836, 848 (Tenn. 2010).

All parties – both plaintiffs and defendants alike – occasionally find it appropriate or necessary to amend their pleadings. Prior to the adoption of the Tennessee Rules of Civil

Procedure, such amendments were hard to come by. However, after the "new" rules became effective in 1971, Tenn. R. Civ. P. 15.01 stated that when an amendment to a party's pleading requires judicial consent, "leave [to amend the pleading] shall be freely given when justice so requires." While trial courts retained discretion with regard to granting or denying motions to amend a pleading, the effect of Tenn. R. Civ. P. 15.01 was to "substantially lessen" the court's discretion to deny a motion to amend. *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987); *Branch v. Warren*, 527 S.W.2d 89, 91 (Tenn. 1975). Trial courts were also required to provide a "reasoned explanation" for their decisions to deny a motion to amend. *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 238 (Tenn. Workers' Comp. Panel 1993).

Not surprisingly, most of the cases construing and applying Tenn. R. Civ. P. 15.01 have involved plaintiffs who desire to amend their complaint to include additional claims or parties. In these circumstances, the courts have embraced the "liberal policy" in Tenn. R. Civ. P. 15.01 that favors amendments and have routinely permitted plaintiffs to amend their complaints. *See, e.g.*, *Jones v. Professional Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 573 (Tenn. 2006); *Branch v. Warren*, 527 S.W.2d at 91-92. That is as it should be.

However, borrowing the words of Tenn. R. Civ. P. 15.01, occasions will arise when "justice . . . requires" allowing a defendant to amend its answer to assert an affirmative defense. In those circumstances, the same "liberal policy" that enables plaintiffs to amend their complaints to add new claims should also enable defendants to amend their answers to add additional meritorious defenses. Justice, as we understand it here in Tennessee, must be administered "without respect of persons." Tenn. Code Ann. § 17-1-104 (Supp. 2012). Thus, the same liberality with regard to amending pleadings must be made available to widows, orphans, physicians, and insurance companies.

The trial court in this case did not provide a reasoned explanation for its conclusion that Consultants in Anesthesia, Inc. ("Consultants") had waived its right to assert a statute of repose defense in this case. This Court has not questioned the legal soundness of the defense. Rather, relying on *George v. Building Materials Corp. of Am.*, 44 S.W.3d 481, 487 (Tenn. 2001), it has decided that the trial court reached the correct result because Consultants's delay in asserting this affirmative defense was "undue." This is a close call.

When the original complaint in this case was filed in 2000, Tenn. R. Civ. P. 8.03 did not explicitly require defenses predicated on the statute of repose to be pleaded as an affirmative defense. When the first three of the plaintiff's four amended complaints were filed, Tenn. R. Civ. P. 8.03 did not require the statute of repose to be pleaded as an affirmative defense. The explicit requirement that defenses based on the statute of repose be pleaded as an affirmative defense took effect only two days before the plaintiff filed its

fourth amended complaint. Consultants filed its answer to the fourth amended complaint approximately six weeks later, and the case went to trial approximately four weeks after Consultants filed its answer.

Trial lawyers should keep abreast of the amendments to the Tennessee Rules of Civil Procedure. However, it is understandable that busy trial lawyers preparing for a trial that is two months away might overlook an intervening change in the rules that affects their pleadings. Based on the factors discussed in *George v. Building Materials Corp.*, I am loathe to conclude that Consultants unduly delayed in asserting its affirmative defense based on the statute of limitations. The explicit requirement that a statute of repose defense be pleaded as an affirmative defense became effective after most of the pleadings had been filed. There is no evidence of bad faith on Consultants's part. Consultants's failure to include a statute of repose defense in its answer to the fourth amended complaint was, at most, an understandable oversight.

Following a defendant's verdict, the trial court exercised its prerogative to grant a new trial, thereby placing both the plaintiff and the defendant back at square one. With the parties in this posture, why does justice require preventing Consultants from asserting a meritorious defense that would, if granted, spare it the time and expense of a second trial? It cannot reasonably be said that Consultants's "delay" in pleading the defense was tactical or that it prejudices the plaintiff's ability to respond to the defense.[1] No discovery of the facts relevant to the defense is needed because the relevant facts have been known to the parties for quite some time. Under the circumstances of this case, the plaintiff can be accorded a full and fair opportunity to respond to the defense.[2]

Accordingly, I respectfully disagree with the Court's conclusion that Consultants should be denied the opportunity to amend its complaint because it unduly delayed asserting its statute of repose defense.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[1] See *Ennis v. Ring*, 353 P.2d 465, 470 (Wash. 1959) ( holding that the plaintiffs were not prejudiced by permitting the defendants to amend their answer two months before the retrial).

[2] *See Brown v. Little*, 489 S.E.2d 596, 598 (Ga. Ct. App. 1997) and *Stewart v. Citizens Cas. Co.*, 308 N.Y.S.2d 513, 514 (N.Y. App. Div. 1970) recognizing the ability of defendants to amend their answer to add a new defense after a case has been remanded for a new trial.