Matter of Vullo v Park Ins. Co. (2021 NY Slip Op 03293)





Matter of Vullo v Park Ins. Co.


2021 NY Slip Op 03293


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 452877/17 Appeal No. 13914-13915N Case No. 2020-03868, 2021-00335 

[*1]In the Matter Maria T. Vullo, Superintendent of Financial Services of the State of New York, Petitioner-Respondent,
v
Park Insurance Company, Respondent-Appellant.


Stroock & Stroock & Lavan LLP, New York (Ernst H. Rosenberger of counsel), for appellant.
Letitia James, Attorney General, New York (Eric Del Pozo of counsel), for respondent.



Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about September 22, 2020 and January 28, 2021, which, to the extent appealed from, granted the petition to liquidate respondent pursuant to Insurance Law article 74, and denied respondent's motion to vacate the order granting the petition, unanimously affirmed, without costs.
Respondent's speculative allegations of the court's potential financial interest in this matter provided no basis for mandatory disqualification pursuant to Judiciary Law § 14 or vacatur of the order granting the liquidation petition. Absent a mandatory basis for recusal/disqualification and vacatur, the court, which, in an abundance of caution, properly exercised its discretion to recuse itself from further proceedings based on the appearance of a conflict of interest or impropriety, did not abuse its discretion in declining to vacate the liquidation order (see Glatzer v Bear, Stearns & Co., Inc., 95 AD3d 707 [1st Dept 2012]; see also Rochester Community Individual Practice Assn. v Excellus Health Plan, 305 AD2d 1007 [4th Dept 2003], lv dismissed 1 NY3d 546 [2003]).
Petitioner complied with statutory and due process requirements in pursuing the liquidation of respondent insurer, and the court's finding of insolvency warranting liquidation, which was not unreasonably delayed, is adequately supported by the evidentiary record. The court also properly found that respondent's unaudited 2018 financial statement failed to establish its solvency as of September 30, 2018 (see Matter of Stewart v Citizens Cas. Co. of N.Y., 34 AD2d 525 [1st Dept 1970], affd 27 NY2d 685 [1970], cert denied 401 US 910 [1971]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021