### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATLANTA,

## MARCH TERM, 1857.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

No. 1.—THOMAS HENDERSON, plaintiff in error, *vs.* NOLAN
TOUCHSTONE, defendant in error.

When a party contracts, on the purchase of a negro in payment of a debt, to
reconvey on the payment of the amount at which he was taken in a settle-
ment, and agrees to reduce it to writing, but does not, and refuses to comply,
it is not a parol contract within the statute of frauds, nor is it a case in which
parol evidence cannot be admitted under the Act of 1837. *Cobb* 274.

In Equity, from Spalding Superior Court, November Term,
1856. Decision on demurrer, by Judge GREEN.

This was a bill in equity filed by Thomas Henderson,
complainant, against Nolan Touchstone, defendant, for the
recovery of a negro boy named Willis.

The bill alleges that in the early part of 1853, complainant,
Henderson, borrowed of defendant, Touchstone, a sum of
money, amounting to over eight hundred dollars, and gave
his several small notes for the same, including a high rate
of interest, and due the 25th December, 1853. That in March,

1854, said Touchstone demanded payment of said notes, and an agreement was then entered into between complainant and defendant, by which defendant was to take in payment of his demands, a certain negro boy named *Willis*, about fifteen years old, belonging to complainant, at $800; a mule at —— dollars, and the balance in cash; and defendant agreed, in consideration of said arrangement, that he would *obligate himself in writing*, to reconvey and deliver said boy Willis to complainant, at any time whenever he would pay to him the said sum of $800, and that in the meantime, and until the payment of said sum by complainant, defendant should have the use and work of said boy, for the interest of said sum of $800.    That in pursuance of said agreement, complainant conveyed and delivered said boy and mule to defendant, and the balance of his demand he paid in cash. That defendant omitted and neglected to execute and deliver his obligation to reconvey said negro, upon the payment to him of said $800.

That on the 16th of February, 1856, complainant made a tender of $800 to defendant, and demanded a reconveyance and delivery of said negro, which defendant refused to do.

The bill prays for a specific execution of this contract— that the defendant be decreed to reconvey and deliver up said negro boy to complainant upon the payment of said $800.

To this bill defendant demurred, for want of equity—that there was no consideration for the contract alleged in the bill, and that the same is obnoxious to the statute of frauds and perjuries.

After argument, the Court sustained the demurrer, and dismissed the bill, and complainant by his counsel excepted, and assigns error thereon.

ALFORD, for plaintiff in error.

DANIEL, for defendant in error.

Henderson vs. Touchstone.

*By the Court.*—McDonald, J. delivering the opinion.

The demurrer admits the truth of the statements in the bill, and the defendant, so far, rests his rights on the complainant's own account of his case. Upon the bill alone, therefore, we put the decision of the case. The complainant owed the defendant a sum of money, and when he came to settle, he paid all but eight hundred dollars, and the defendant agreed with him, that if he would let him have the negro boy Willis at that sum, he would obligate himself in writing to reconvey him on the payment of the eight hundred dollars, the labor of the boy to pay the interest. This was all one transaction and negates the idea of an absolute sale of the boy.

There was a sufficient consideration to support the contract. It is to be presumed that if the sale had been absolute, the complainant would have exacted a larger price, or why stipulate for a written obligation to reconvey on the payment of the eight hundred dollars? If there was a contract of sale and a consideration to support it, there was equally a consideration for the contract to reconvey.

The complaint in the bill is, that if the contract for the reconveyance and delivery of Willis was not reduced to writing, it was defendant's fault, for it was his agreement that it should be; and his having refused to commit it to writing after getting possession of the negro, is a fraud upon the complainant. The Act of 1837, *Cobb* 274, prohibits the admission of parol evidence, to show that a deed or bill of sale, absolute on the face was intended as a mortgage, unless there is a charge of fraud in obtaining the same, in which case oral evidence to show fraud only, may be received. If the facts alleged in the bill, admitted to be true by the demurrer, amount to a fraud, the allegations are good as a charge of fraud, although the term "fraud," may not be used in the bill. They so characterize the transaction as to admit parol proof. But the contract was to be in wri-

ting. It is not a case where the defeasance or condition was to rest in parol, but the party had been entrapped. The bargain was for a writing. He can now be compelled to execute that which he undertook to execute, and to perform it also.

The contract having been for a writing, we think that the statute of frauds had nothing to do with the case. But it does not appear that the contract was not to be executed within a year. It might have been executed within that time, and so the statute of fraud would not apply if it had been a parol contract. *Fenton vs. Emblers, 3d Burrows,* 1281.

We think the demurrer ought to have been over-ruled and the defendant ordered to answer.

Judgment reversed.