### 39972. SCOTT v. SCOTT et al.

Felton, Chief Judge. 1. "One who seeks rescission of a contract on the ground of fraud must restore, or offer to restore, the consideration received thereunder, as a condition precedent to bringing the action; and a petition which fails to allege restoration or offer to restore before institution of the suit is demurrable." *Wheeler v. Pioneer Investments, Inc.*, 217 Ga. 367 (122 SE2d 518) and cases cited; *Code* § 20-906. The law recognizes some excuses for the failure to make ten-

der of the fruits of the contract. See *Drew v. Lyle,* 88 Ga. App. 121 (76 SE2d 142); *Mutual Savings Life Ins. Co. v. Hines,* 96 Ga. App. 442, 447 (3) (100 SE2d 466) and cit. See, generally, annotations under *Code* § 20-906, catchword "Restoration."

2. The plaintiff's allegations, as finally amended, being that he did not tender the consideration received under a claims release contract until after bringing this action for damages arising out of a claim covered by the contract because he was illiterate and therefore did not know the amount of the consideration received under the contract until the defendant had filed his plea in bar with a copy of the contract attached, are insufficient to relieve him of the necessity for making the tender before bringing the action, since no facts are alleged to show that he could not have obtained this information prior to bringing the action. The petition also alleges that the defendants paid the plaintiff's medical bills. Although it was not alleged that this was done with the plaintiff's consent or at his direction, construing the petition most strongly against the pleader we must assume that it was; therefore, the excuse for failure to make tender that the defendants had placed it beyond his power to do so is not available to the plaintiff. No timely tender, or valid excuse for the failure thereof, having been made, the contract was not rescinded and was a bar to the alleged cause of action against the defendant; therefore it was not error to sustain the general demurrer and dismiss the action.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

Decided March 4, 1963.

*H. Cliff Hatcher,* for plaintiff in error.

*Lewis & Lewis, R. E. Lewis, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* contra.