### 23384. MACK v. SHEARER et al.

DUCKWORTH, Chief Justice. This is a personal injury damage suit in which the defendants filed a plea of release with copies of the release and a canceled check showing an accord and satisfaction, signed by the petitioner and his wife, and by motion they prayed that the petitioner be required to file a written response thereto. By numerous amendments to his pleadings and in answer to the plea the petitioner alleges fraud and conspiracy by and between his insurance company and the insurance company of the defendants in which allegedly (1) he was approached by the adjuster for his company to settle his property liability insurance claim by the purchase of a used car to take the place of his damaged car; (2) he thought he was settling only his property liability with his own company; (3) he apparently signed the release upon the receipt of the automobile and the check in payment of the automobile which was likewise made out to the used-car business and assigned his auto as salvage without the knowledge that he was dealing with the insurance company of the defendant; (4) the adjuster for the defendant's company and the adjuster for his company conspired to obtain his signature on the release by arranging to have the defendant's company pay the damages to petitioner's car, thereby allowing petitioner's company to escape liability and to allow the defend-

ant's company to pay an inadequate consideration for his personal and property damages by obtaining the release by fraud, he being an illiterate person, unable to read or write except to sign his name, and being unfamiliar with contracts, releases, or any business; (4) the two adjusters agreed not to explain to him his right to damages against the defendants for both injuries to his person and property and that he was releasing both by signing the release and they did not read it to him or explain it to him; and (5) under his policy of insurance he is required to co-operate with his company and to execute any and all papers that might be necessary in the subrogation of any claims he has against others under the policy. In addition the pleadings show certain alleged mistakes of facts as to his physical condition by reason of the injury and reliance on medical advice of a physician now shown to be unreliable. The original answer to the plea prayed for reformation of the release to speak the actual truth, but the final pleadings as amended are in three counts with prayers for rescission and cancellation. After a hearing the general demurrers were sustained and the plea of release sustained, and the petitioner appeals from this final judgment. *Held:*

While the petitioner offered to set off the amount received under the release signed by him, no tender was made of the actual funds received by him, and this case is controlled adversely to him by *Harley v. Riverside Mills,* 129 Ga. 214 (58 SE 711), and *Western & A. R. Co. v. Atkins,* 141 Ga. 743 (82 SE 139). See also *Drew v. Lyle,* 88 Ga. App. 121 (76 SE2d 142). Whether or not the allegations of settlement of the property damage liability only would have been sufficient to waive tender under the prayers for a mere reformation of the release, we do not have this question for decision since the petition as it now stands was one for rescission alone, and we must follow the above cases.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*Florence Hewlett Dendy, Hewlett & Ward, Sam D. Hewlett, Jr.,* for appellant.

*Nolan B. Harmon, G. W. Thackston, Jr., Harmon & Thackston,* for appellees.