43666. BLANCHARD v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.

DEEN, Judge. 1. Rudolph Blanchard sued the defendant railway company for property damages resulting from a collision with his automobile, and appeals from a verdict for the defendant. One of the grounds of the motion for new trial was alleged error on the part of the trial court in admitting, over the objection that it constituted evidence of accord and satisfaction, an affirmative defense not raised by the pleadings, of a draft in the sum of $300 given by the defendant to the plaintiff "in full settlement for all damages incident to crossing accident at or near Cecil, Georgia, on or about the 8th day of September, 1964; excluding any rights under existing insurance policies, nor hinders subrogation rights of Calvert Fire Insurance Co." Accord and satisfaction, release and

settlement are affirmative defenses which must be specifically pleaded. *Code Ann.* § 81A-108 (c). "Testimony offered for the purpose of proving an accord and satisfaction is inadmissible in behalf of a defendant whose answer does not set up a defense to which such testimony would be applicable." *Ingram v. Hilton & Dodge Lumber Co.*, 108 Ga. 194 (1) (33 SE 961). There were no pleadings to support this evidence; if, as contended by the appellee, it might have been admissible for the limited purpose of showing that the damages sought by the plaintiff were greater than the unreimbursed balance of the value of the automobile, overruling the objection was still error in not restricting the proof to this issue alone. "When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated." *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196). As to the effect of payment, see *Thomas v. Cities Transit, Inc.*, 98 Ga. App. 694 (106 SE2d 351).

2. It was also error to admit in evidence a letter from Calvert Fire Insurance Company, which was not a party to the case, to the railway company in which the insurance company stated that the damage to the plaintiff's automobile was $1,907.50, the right to recover which had been assigned to it. As against the plaintiff both of these statements were hearsay, and the court should have sustained the objection made on that ground.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MAY 8, 1968—DECIDED JUNE 10, 1968.

*J. Converse Bright,* for appellant.

*Bloch, Hall, Hawkins & Owens, Charles J. Bloch, Ellsworth Hall, Jr., F. Kennedy Hall, Edward Parrish,* for appellee.