45321. TOWNSEND et al. v. LEWIS.

BELL, Chief Judge. The plaintiffs, husband and wife, in separate complaints, sued the defendant for loss of services, property damage, and personal injuries resulting from an automobile collision with defendant. The cases were tried together before a jury. At the close of plaintiffs' evidence, the trial court granted defendant's motion for a directed verdict and plaintiffs appeal.

At the trial the wife admitted on cross examination signing a release on July 1, 1966, for a stipulated sum in settlement of all the damages resulting from the accident with defendant. The release also purportedly bears the signature of the husband, but he denied signing it. The wife further testified that at the time of the signing of the release she had been administered an

injection of a drug for pain by her physician and as a consequence was mentally incapable of executing a binding release. However, plaintiffs also admitted during their testimony endorsing and cashing a check on or about July 8, 1966, which on the reverse side and immediately above their signatures set forth a release of liability arising out of the accident with defendant. This check was admitted in evidence without objection. The record shows that prior to suit, plaintiffs have never tendered the return of money received from defendant or shown any recognized excuse for failure to make a tender.

While the testimony of plaintiffs would ordinarily raise a jury question as to the July 1st release, the trial court granted the defendant's motion for directed verdict upon the basis of the release and settlement set forth on the check and on the further ground of the failure of plaintiffs to tender return of the money they received from defendant. On appeal plaintiffs contend that the defendant's answers do not specially plead the second release. Accord and satisfaction, release and settlement are affirmative defenses which must be specially pleaded. *Code Ann.* § 81A-108 (c); *Blanchard v. Ga. S. & F. R. Co.,* 117 Ga. App. 858 (1) (162 SE2d 442). The answers specifically plead the agreement of July 1, 1966, and that in pursuance of the agreement the plaintiffs were paid the agreed sum. However, we need not decide whether this averment was a sufficient pleading to place plaintiffs on notice of the signing of the check and release as plaintiffs waived any objection to the sufficiency of the answer by their failure to object to the admission in evidence of the check. *Pin-Har Lumber Products, Inc. v. Reagin,* 95 Ga. App. 364 (98 SE2d 41). Accordingly, the endorsing and cashing of the check worked an accord and satisfaction and plaintiffs are barred from recovery in these cases. Furthermore, their failure to tender return of the money received likewise bars their causes of action. *Mack v. Shearer,* 222 Ga. 33 (148 SE2d 314); *Scott v. Scott,* 107 Ga. App. 443 (130 SE2d 753).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
ARGUED MAY 4, 1970—DECIDED JULY 2, 1970.

*Elsie H. Griner, Edward Parrish,* for appellants.

*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellee.