48246. HENRY et al. v. ALLSTATE INSURANCE COMPANY.

ARGUED JUNE 1, 1973 — DECIDED JUNE 15, 1973.

*Joseph J. Anthony,* for appellants.

*Dennis & Fain, Thomas S. Carlock,* for appellee.

EBERHARDT, Presiding Judge. 1. Appellant asserts that there is a genuine issue as to whether an explanation to her of the draft and release by Allstate's agent or adjuster was free of fraud so as to constitute an accord and satisfaction.

In their answer and defense to the complaint for declaratory judgment defendants (the Henrys) assert that "Defendants were fraudulently induced to execute the Release and Trust Agreements,[1] marked as plaintiff's exhibits C and D . . . which led defendants to believe that the release and trust agreement were in consideration of the payment of the medical payments which were made in her behalf." While she denied having signed the agreements or having endorsed the check in her answer, when the originals were exhibited to her at the taking of her deposition she admitted that she had signed them, saying that the signatures were hers, but that she did not remember signing them. She admitted cashing the check and using the proceeds.

(a) The rules as to pleading fraud were not changed by the adoption of the Civil Practice Act. *Candler v. Clover Realty Co.,* 125 Ga. App. 278, 279 (187 SE2d 318). As a defensive matter, therefore, fraud must be pleaded with the same particularity as when pleaded by a plaintiff for the avoiding of a contract. "A plea alleging fraud, but not alleging specific acts constituting fraud, should be stricken."*Carroll v. Hutchinson,* 2 Ga. App. 60 (58 SE 309); *Jones v. Fuller,* 27 Ga. App. 84 (4) (107 SE 544). Allegations of mere generalities as to fraud are not specific and do not meet the requirement. *Ducros v. Peoples Drug Store,* 21 Ga. App. 634, 637 (94 SE 897). "General allegations of fraud, deceit, and undue influence are insufficient to raise any issues; and they are never sufficiently pleaded except by a statement of the facts upon which they are based. If fraud is relied on to vitiate an act, the particular facts constituting the fraud must be stated." *Jones v. Robinson,* 172 Ga. 746, 759 (158 SE 752).

---

[1]The trust agreement signed by Mrs. Henry, along with the release, was an agreement to pursue such action as might be necessary to recover from the tortfeasor and out of any settlement or recovery to reimburse Allstate for the payment which it had made to her under the bodily injury benefit coverage, retaining the remainder for her own use and benefit.

The pleading here is devoid of any representations made by Allstate or its adjuster to Mrs. Henry or to her husband. No circumstances constituting fraud are stated with particularity as is required by CPA § 9 (b) (Code Ann. § 81A-109 (b)), nor was any evidence tendered, either in support of or in opposition to the motions, which would show even inferentially, the existence of any fraud. Since the pleader is required to plead the specific facts upon which her claim of fraud rests, a failure to do so indicates that there are none. Her only evidence was that in cashing the check and signing the release she had relied upon the advice of *her* doctor that the pain would soon subside. This wholly fails to raise an issue of fraud.

There is no presumption of fraud; it must be pleaded and proved. Code § 37-706; CPA § 9 (b). "No authority need be cited to recall the rules that fraud may not be presumed, but must be proved." *Liberty Lumber Co. v. Silas,* 181 Ga. 774, 778 (184 SE 286).

In the circumstances here the appellant was not entitled to "rest upon the mere allegations or denials of her pleading," but she was required to come forward with a proper plea, supported by a showing of "specific facts showing that there is a genuine issue for trial" on the matter of whether there had been fraud in the procurement of the release. CPA § 56 (e) (Code Ann. § 81A-156 (e)); *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580). There was no duty on the part of the plaintiff to negative the issue of fraud in the procurement of the release when that issue had not, under the applicable rules, been raised.

(b) The release, which appellant admits having signed, is not a mere receipt, but is a general release. *Sou. Bell Tel. &c. Co. v. Smith,* 129 Ga. 558 (59 SE 215); *Pa. Cas. Co. v. Thompson,* 130 Ga. 766 (61 SE 829).

(c) Mrs. Henry is an intelligent, educated and competent person, fully capable of reading and understanding the language on the check and in the release, which have reference to Section II of the policy designated as Section II, Coverage S, Bodily Injury Benefit Insurance, and captioned in capital letters as "Protection Against Bodily Injury By Uninsured Automobiles." There can be no doubt or mistake that the payment was in settlement of her claim for bodily injuries received in the accident and inflicted by an uninsured motorist. The medical payments to cover bills submitted by the doctors, etc. were paid by separate checks and were paid under Coverage C1, Automobile Medical Payments Insurance, designated as Section III of the Policy, captioned in capital letters "Medical Expense, Death Indemnity And Disability Income Protection."

If there was any question in Mrs. Henry's mind relative to the payment and the release, or if they were for any reason unsatisfactory to her, she should have returned them promptly to Allstate. *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326). Instead, she accepted them, cashed the check and used the proceeds. She is bound by the release. *Jossey v. Ga. S. & F. R. Co.,* 109 Ga. 439 (34 SE 664); *Townsend v. Lewis,* 122 Ga. App. 135 (176 SE2d 457).

(d) The proceeds from the check were not tendered back to Allstate before the action was brought, or at any other time. Code § 20-906; *Petty v. Brunswick & W. R.,* 109 Ga. 666 (5) (35 SE 82); *Western & A. R. Co. v. Atkins,* 141 Ga. 743 (6) (82 SE 139); *Warren Co. v. Starling,* 98 Ga. App. 371 (3) (106 SE2d 69); *Mack v. Shearer,* 222 Ga. 33 (148 SE2d 314).

(e) An accord and satisfaction resulted when appellant endorsed the check and obtained the proceeds. *Ryan v. Progressive Retailer Pub. Co.,* 16 Ga. App. 83 (84 SE 834); *Askew v. Goldsmith,* 60 Ga. App. 718 (4 SE2d 697); *Blalock v. Millers Nat. Ins. Co.,* 67 Ga. App. 469 (21 SE2d 131); *Duncan v. Crisp,* 68 Ga. App. 498 (23 SE2d 515); *Hatfield v. Colonial Life &c. Ins Co.,* 102 Ga. App. 630 (116 SE2d 900); *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126); *Benefield v. Malone,* 112 Ga. App. 408 (145 SE2d 732); *Baggett v. Chavous,* 107 Ga. App. 642 (1) (131 SE2d 109); *Hamilton v. Stewart,* 105 Ga. 300 (31 SE 184); s. c., 108 Ga. 472 (34 SE 123); *Holton Dodge Inc. v. Baird,* 118 Ga. App. 316 (1, 2) (163 SE2d 346); *Townsend v. Lewis,* 122 Ga. App. 135 (176 SE2d 457); *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196). No ground for avoiding the release appears, even if this action had been in equity. *Gibson v. Alford,* 161 Ga. 672 (5) (132 SE 442).

(f) There is no confidential relationship existing between an insured and the insurer's agent or adjuster. *Sherwin-Williams Co. v. St. Paul-Mercury Indemnity Co.,* 97 Ga. App. 298, 299 (102 SE2d 919); *Fields v. Fire & Cas. Ins. Co.,* 101 Ga. App. 561 (114 SE2d 540). They dealt at arms length in making the settlement. *Clinton v. State Farm Mut. Auto Ins. Co.,* 110 Ga. App. 417 (2b) (138 SE2d 687).

(g) Appellant, who is an insured under the policy, was under a duty to read it and acquaint herself with its provisions. *U. S. Fidelity &c. Co. v. Campbell,* 128 Ga. App. 165, 172 (196 SE2d 334), and cits. She was likewise under a duty to read the release and acquaint herself with its terms. *Southern Stages v. Fullington,* 66 Ga. App. 773 (2) (19 SE2d 324); *Smith v. Agan,* 111 Ga. App. 536 (142 SE2d 291); *Mesa v. Poole,* 127 Ga. App. 426 (193 SE2d 925); *Jossey v. Ga. S. & F. R. Co.,* 109 Ga. 439, supra; *Sorrells v. Atlanta Transit*

*System,* 218 Ga. 623 (129 SE2d 946). It must be presumed that appellant did read these documents and acquaint herself with their terms. *Hatfield v. Colonial Life &c. Ins. Co.,* 102 Ga. App. 630, 632, supra. It appears from the evidence that appellant is sui juris, and it is presumed that she is possessed of all capacities which ordinary people have, such as sight, sanity, hearing, etc., and that she is a person of intelligence. *Holcombe v. State,* 5 Ga. App. 47 (4) (62 SE 647); *Weaver v. Roberson,* 134 Ga. 149, 155 (67 SE 662).

(h) The language of the release was sufficiently broad to include a claim for loss of earnings arising from her inability to work due to the injury, loss of earning capacity, pain and suffering, etc. These all are a part of the "bodily injury" coverage under the uninsured motorist provisions of the policy.

(i) Appellant may, of course, continue her action against the Comptons, for that is not prohibited by her release to Allstate, her own uninsured motorist insurer. *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721).

2. Appellant also enumerates error in the granting of plaintiff's motion for summary judgment in the declaratory judgment action on the ground that the consideration paid for the release was grossly inadequate. However, this ground is not argued and no citations of authority are given in support of it in appellant's brief. The ground is simply restated. Mere restatement of the ground in the brief is not enough. It is therefore deemed to have been abandoned. *Schmid v. State,* 226 Ga. 70 (172 SE2d 616); *Brundage v. Wilkins,* 121 Ga. App. 652 (2) (175 SE2d 108). But see and compare *James v. Tarpley,* 209 Ga. 421 (2) (73 SE2d 188), where the facts and the contentions made in this respect were greatly similar to the situation here and the Supreme Court held that "by reasonable diligence the plaintiff could have ascertained the extent of his injuries . . . and there was no necessity for his rushing into a settlement, the law . . . giving him two years in which to bring an action to recover for such injuries, a court of equity will not relieve him from the injurious, unwise, or disadvantageous consequences of his own act in executing the release in question." If there can be no relief in equity, it certainly can not be expected at law.

The pleadings and the evidence submitted disclosed that Mrs. Henry had settled her claim and that the circumstances of the settlement reveal no basis for avoiding the release, by which she is bound. The grant of summary judgment was proper.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*