59380 WEEMS et al. v. ASSOCIATION LIFE INSURANCE COMPANY, INC.

McMURRAY, Presiding Judge.

In 1971, Association Life Insurance Company, Inc. (hereafter Association Life) entered into an agreement with Carlisle & Associates, an independent insurance agency, under which Carlisle & Associates would market a new line of life insurance. Under the agreement governing the marketing of the new life insurance program, Carlisle & Associates was allowed to take certain discounts known as life volume discounts. Although Carlisle & Associates claimed some $2,000 of such discounts in 1971, no further claims in regard to such discounts were made by Carlisle & Associates.

In 1974, George M. Weems negotiated with Association Life and Carlisle & Associates for the transfer of this block of business to his company. The negotiations were completed in late 1974 and resulted in an agreement dated January 1, 1975, between Association Life and Weems, naming Weems as agent and transferring to him the insurance policies in question. Weems had been an officer and employee of Carlisle & Associates in the period from 1971 through sometime in 1974, shortly before the transfer, and was thereby familiar with the 1971 agreement authorizing

Carlisle & Associates to take the life volume discounts.

Prior to the transfer of responsibilities as to the insurance policies in question, the life volume discounts due Carlisle & Associates and remaining unpaid was in excess of $10,000. Association Life was aware of this obligation and Weems' reliance upon this amount due in his negotiations with Carlisle & Associates.

After the transfer of the insurance policies and the agreement with Association Life on January 1, 1975, Weems attempted to effect collection of the life volume discounts due. These efforts were unsuccessful due to some reluctance on the part of Association Life to pay over the sum while the reserves associated with the insurance policies in question were depleted. However, after Weems requested an accounting revealing that the reserves in connection with these policies were substantial and sufficient to pay the life volume discounts due, he became more insistent as to the matter of the life volume discounts. Weems eventually withheld from the premiums which he remitted to Association Life the amount which he had calculated as being the life volume discounts due for a preceding period. Association Life, denying that any life volume discounts were authorized, insisted upon the payment of these sums. Weems refused, and this lawsuit resulted.

Plaintiff Association Life Insurance Company, Inc., brought this action for $15,329.41, the amount of certain premiums which plaintiff alleges defendant Weems had wrongfully refused to remit to it as an insurance broker. The defendants answered, denying plaintiff's claim and counterclaimed for an additional $30,000 of life volume discounts which were allegedly due and owing. Defendant Weems also contended that Administrative Services, Inc. (of which he is president and sole shareholder) was the party responsible for collecting premiums. Whereupon plaintiff moved to add Administrative Services, Inc., as a party defendant, which was allowed. A separate count was then added to the petition asking for judgment in the same amount against Administrative Services, Inc.

After discovery, both sides moved for summary judgment. Following a hearing, the trial court entered its order granting plaintiff's motion for summary judgment and denying defendants' motions for summary judgment. Defendants appeal, contending that the trial court erred in granting plaintiff's motion for summary judgment and in denying their motions for summary judgment. *Held:*

The evidence presented as to the opposing motions for summary judgment would have authorized a jury to find that in 1971 plaintiff had entered into an agreement with Carlisle & Associates, an independent insurance agency, under which Carlisle

& Associates would market a new line of life insurance. Under the agreement governing the marketing of the new life insurance program, Carlisle & Associates was allowed to take certain discounts known as life volume discounts, and defendant Weems had taken over this insurance business.

Defendant Weems contends there was an oral agreement prior to their final written agreement between plaintiff and defendants in regard to the life volume discounts when he took over the insurance business from Carlisle & Associates, and this occurred prior to the date of the written agreement between plaintiff and defendants. Plaintiff argues that any prior oral contracts were merged in the written agreement. Even if plaintiff's contention in this regard is correct there is language in the written agreement which would preserve defendant Weems' rights under the oral agreement. The written agreement of January 1, 1975, provides that "This Agreement supersedes any and all previous contracts of Agent and the Company however Agent's right to commissions under such other contracts is not hereby impaired and any liability of the Company with respect to such commissions will be determined in accordance with the previous contract." The life volume discounts being a form of commission, defendant Weems' rights under the alleged oral contract remain although the terms of the written agreement would serve to terminate the allowance of the life volume discounts thereafter in the future. Under the alleged oral agreement, plaintiff acknowledged over $10,000 in life volume discounts and the transferability thereof to the defendants.

No date is specified as to the alleged oral agreement, and plaintiff contends that it falls under the Statute of Frauds in that it is not a contract to be performed within one year. Although there is a possibility that performance of the contract would occur after a period of time greater than a year, there is also the possibility that this contract would be performed within one year, and the possibility of performance within one year is sufficient to remove the alleged oral contract from the Statute of Frauds. *Burney v. Ball,* 24 Ga. 505, 506 (4), 515; *Henderson v. Touchstone,* 22 Ga. 1, 4.

Under the evidence presented the finder of fact would be authorized, but not required, to determine that some amount of life volume discounts claimed by defendant Weems was due and owing in accordance with the alleged oral contract with respect to sums earned by Carlisle & Associates prior to transfer of a block of insurance to the defendants. Construing the evidence most strongly in favor of the parties opposing the motions for summary judgment, issues of material fact remain for jury determination. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1), 4 (126 SE2d 442); *Malcom v.*

*Malcolm,* 112 Ga. App. 151, 153 (1), 154 (144 SE2d 188); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90, 91-92 (3) (176 SE2d 487); *Simpson v. Dotson,* 133 Ga. App. 120, 121-122 (3) (4) (210 SE2d 240); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866).

The trial court erred in granting summary judgment in favor of the plaintiff but did not err in failing to grant summary judgment in favor of the defendants. The evidence was conflicting on the issue of existence of the alleged oral contract.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 4, 1980 — DECIDED MAY 8, 1980.

*E. Speer Mabry, Ronald A. Lowry,* for appellants.
*J. Allen Maines,* for appellee.