## 74116. OHOOPEE PRODUCTION CREDIT ASSOCIATION v. ASPINWALL.
### (358 SE2d 884)

BENHAM, Judge.

Appellee Aspinwall executed a promissory note in favor of appellant in order to purchase a tobacco harvester from appellant, which had come into possession of the harvester after the original owner, who had financed its purchase through appellant, had defaulted. When appellee made no further payment on the note, appellant declared the obligation in default and filed suit to recover the balance due. Appellee filed an answer in which he admitted the execution and delivery of the note, and a counterclaim. A jury verdict resulted in the entry of a judgment for $6,000 in favor of appellee on his counterclaim. On appeal, appellant contends the trial court erred in denying appellant's motions for directed verdict on its claim as well as appellee's counterclaim, and in the charge on the implied warranties of merchantability.

1. Appellant argues it was entitled to a directed verdict in its suit on the note because it had established a prima facie case of appellee's liability on the note: appellee had admitted execution of the note and had failed to raise any viable defenses to the note. See *Nat. Bank of Ga. v. Keriaze*, 163 Ga. App. 652 (294 SE2d 688) (1982). Appellee maintains that he raised the affirmative defense of failure of consideration in his counterclaim.

After filing an answer in which he admitted execution and delivery of the note in question but denied liability thereon, appellee filed a counterclaim which stated: "The Defendant shows that the note given the Plaintiff and sued on in the Petition was for a tobacco harvester which Plaintiff held out to be a good and efficient machine to be used in the harvesting of tobacco. When in fact, this machine was completely worthless, was not suited for the use intended, that is the harvesting of tobacco in that the machine when used for this purpose destroyed about as much tobacco as it picked." The counterclaim went on to describe the damage the harvester allegedly inflicted and demanded $30,000 to compensate appellee for the tobacco he lost due to the allegedly worthless tobacco harvester.

"In pleading to a preceding pleading, a party shall set forth affirmatively . . . failure of consideration . . . When a party has mistakenly designated a defense as a counterclaim . . . , the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation." OCGA § 9-11-8 (c). "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived. . . ." *Phillips v. State Farm &c. Ins. Co.*, 121 Ga. App. 342 (2) (173 SE2d 723) (1970). Rather than stating a defense of failure of consideration, appellee's counterclaim alleges breaches of the warranty of merchantability and fitness for a particular purpose. The language alleging the machine to be worthless did not assert the defense of failure of consideration; rather, it described how unsuitable the machine allegedly was for harvesting tobacco. Inasmuch as appellant established a prima facie case and appellee did not establish a legally sufficient defense, appellant was entitled to a directed verdict on its main claim. See *Nat. Bank of Ga. v. Keriaze*, supra.

2. As stated earlier, appellee's counterclaim alleged breaches of the implied warranties of merchantability and fitness for a particular purpose. See OCGA §§ 11-2-314 and 11-2-315. Appellant claims it was entitled to a directed verdict on appellee's counterclaim because, among other things, appellee, having accepted the tobacco picker, did not give the requisite notice of his discovery of the alleged breaches, a prerequisite to a recovery of damages for breach under OCGA § 11-2-714 (1).

OCGA § 11-2-714 (1) states: "Where the buyer has accepted goods and given notification (subsection (3) of Code Section 11-2-607) he may recover . . . damages for . . . the seller's breach. . . ." OCGA § 11-2-607 (3) requires a buyer who has accepted goods to notify the seller within a reasonable time after he discovered or should have discovered any breach, or be barred from any remedy. A buyer "accepts" goods when, after having had a reasonable opportunity to inspect

them, he fails to make an effective rejection. OCGA § 11-2-606 (1) (b). "Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." OCGA § 11-2-602 (1). Appellee received the tobacco harvester in June 1981; used it that harvest but found his 40-inch rows were not amenable to the machine's capabilities; nevertheless, signed a note for the purchase of the machine in August 1981; signed a contract for the purchase of the machine in June 1982; and used it in 1982, again without success. In arguing against appellant's motion for directed verdict, appellee admitted he had accepted the tobacco harvester. His failure to notify appellant within a reasonable time of his discovery of the alleged breach of warranty "operates to bar his remedies under either [§ 11-2-607] or [§ 11-2-714]." Official Comment to Sec. 2-714 of the Uniform Commercial Code. Since appellee's failure to act barred him from seeking damages for the alleged breaches of warranties, the trial court should have directed a verdict in favor of appellant on appellee's counterclaim.

3. In light of our disposition of appellant's first and second enumerated errors, we need not address the remaining alleged error concerning the content of the instructions to the jury.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 16, 1987.

*Kenneth R. Carswell*, for appellant.
*J. Alvin Leaphart*, for appellee.