## A90A0419. JONES v. ADMIRAL INSURANCE COMPANY.

(395 SE2d 234)

BEASLEY, Judge.

The issue is whether a release executed by the insured bars a claim for statutory penalty and attorney fees against the insurer under OCGA § 33-34-6 (b).

Defendant Admiral Insurance Company issued a fire insurance policy on a commercial building and contents owned by plaintiff Jones. Two weeks after the effective date of the policy, the building and its contents were damaged by fire. Sixty-one days after the insurer received Jones' demand for payment under the policy, Jones filed the present action seeking payment of the maximum coverage of $42,400 on the building and $10,000 on the contents, OCGA § 33-34-6 (b) penalty and attorney fees, and interest. Unaware of the suit, the insurer paid Jones the maximum policy benefits two days later and obtained a full release from him of all claims.

Summary judgment was granted to Admiral because of the release. Jones contends that the $52,400 paid in exchange for the release was the undisputed amount for the basic benefits under the policy so that there was no consideration to support the release.

"Where a party receives no more than the amount legally owed and where at that time there is no dispute existing between the parties, then the absence of any additional consideration (such as settlement of a disputed account), causes the purported release to fail, it being a nudum pactum. [Cits.]" *Stamsen v. Barrett*, 135 Ga. App. 156, 159 (1) (217 SE2d 320) (1975). This is not the situation here.

The release itself stated that the payment of the $52,400 was "not to be construed as an admission of liability" but was "a compromise of a disputed claim" and "executed in full settlement and satisfaction" of Jones' rights arising out of the fire loss.

The insurer's evidence showed that the claim was not undisputed or liquidated. The adjuster assigned to investigate the fire questioned the high value which the insured placed on the damaged structure. Even though the policy provided that the insured could collect up to the amount he eventually did, the collection of that sum was not a foregone conclusion. The insurer could have paid any amount up to the maximum, depending upon its assessment of damage and other factors.

The evidence showed that the insurer paid the maximum in the face of the adjuster's skepticism. The fact that the insurer did not affirmatively plead the release or accord and satisfaction does not alter the impact of evidence that the money was paid to Jones in compromise of a questioned claim.

The executed release does not fail on the basis urged by Jones. It barred the claim for statutory penalty and attorney fees as a "right"

arising out of the fire loss. Summary judgment was required since there was valuable consideration for the release even of the right to statutory penalty under OCGA § 33-34-6 (c). *Henry v. Allstate Ins. Co.*, 129 Ga. App. 223 (1) (199 SE2d 338) (1973), modified in part on other grounds, *Tucker v. Chung Studio*, 142 Ga. App. 818, 820 (3) (237 SE2d 223) (1977).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1990 —
REHEARING DENIED MAY 29, 1990.

*W. Douglas Adams*, for appellant.

*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel*, for appellee.