### A95A0428. BROWN v. LITTLE.
(458 SE2d 669)

McMURRAY, Presiding Judge.

Plaintiff Debbie L. Brown brought this contract action against defendant Richard E. Little, alleging that on March 1, 1990, she had loaned defendant $20,000 and defendant offered to pay interest at the rate of $200 per month; that defendant had promised he would repay the loan at any time plaintiff demanded; and that on September 1, 1990, plaintiff requested that defendant repay the money but that defendant "stated he did not have the money and could not do so." The complaint also alleged that defendant had paid back "$2,300.00 out of the $7,800.00 that he should have paid to Plaintiff as interest. . . ." Defendant denied the material allegations and subsequently amended his answer to plead the Statute of Frauds, OCGA § 13-5-30, contending that the alleged agreement "was not required to be performed within one year of its alleged making, and was based upon an alleged lending of money[.]"

The case was tried before the Superior Court of Fayette County without a jury. Plaintiff testified that she received an inheritance and that on March 1, 1990, she gave defendant (at that time her brother-in-law) her personal check for $20,000 in order to help him start a day-care center. Defendant was to repay her whenever she "asked for it back." Plaintiff expressly denied that she accepted defendant's proposition: "I'll pay you back when I can, when I have the money[.]" She "asked for a portion of the money in October of [1990,]" but acknowledged receiving only two payments totaling $2,300. In opposition, defendant acknowledged receipt of the loan but testified that his understanding of the repayment term was: "when my day care and I got in financial shape where I could pay her back, . . . I'd pay her back as I could." However, on cross-examination, defendant clarified that payment "wasn't whenever [he] felt like it. It was when . . . she needed money, . . . if I could get a — if I could get it, even if I had to borrow it or whatever, I would give it to her." Consistent with plaintiff's testimony that she made a demand for payment in October 1990, defendant testified that he gave her $200 in cash. Defendant explained that check number 475 drawn on the account of Little Peoples Complete Day Care, Inc., while made out by defendant to himself on October 16, 1990, had been endorsed over to plaintiff. This check was negotiated under plaintiff's signature and deposited in account number 1 101 50 331.

Defendant also claimed that he repaid his loan by giving money to plaintiff's then-husband, Ray Little, who is also defendant's brother. Defendant introduced three other checks which he claimed were repayments on the loan. Defendant's personal check number 6239 was dated November 30, 1990, and made out to defendant's brother, Ray Little, in the amount of $5,000. This was negotiated under the signature of Ray Little but was not deposited in the same account into which plaintiff deposited the acknowledged $2,100 payment. Rather, it appears to have been presented for cash. A second check in the amount of $5,000 was made out to Ray Little on March 23, 1991. This was check number 880, drawn on the account of Little Peoples Complete Day Care, Inc. This check was not deposited into plaintiff's account. The third check made out to Ray Little, in the amount of $1,515.78, was drawn on defendant's personal account as of July 12, 1991. This was negotiated under the signature of Ray Little but was not deposited in the plaintiff's account. Defendant further testified that he made other payments on behalf of plaintiff, in the nature of set off. Specifically, he claimed that he "paid off one loan that they[, i.e., plaintiff and her husband,] had at the bank because they was fixing to repossess her car." According to defendant's reckoning: "I figure I still owe her around $6,000.00."

The trial court found as a matter of fact and of law that the con-

tract alleged in the complaint was governed by the Statute of Frauds, and that no enforceable contract exists. From the judgment for defendant rendered after this bench trial, plaintiff appeals. *Held*:

1. In related enumerations, plaintiff contends the trial court erred in concluding that the Statute of Frauds barred the enforcement of the oral contract. We agree.

OCGA § 13-5-30 (5) requires a writing signed by the party to be charged in order to make binding on the promisor "[a]ny agreement that is not to be performed within one year from the making thereof[.]" In the case sub judice, plaintiff tendered her check (the loan money) which defendant negotiated on March 2, 1990. No later than October 1990, she made demand on him and defendant responded with a partial payment. Nevertheless, the trial court concluded at the close of the evidence that the oral contract was unenforceable because "the only evidence on the issue of when the loan was to be repaid was plaintiff's testimony that the defendant was to repay her when he was financially able. No evidence [was] presented from which it could be concluded that the loan could not have been paid back within one year."

"No date [for repayment] is specified as to [defendant's performance under] the alleged oral agreement, and [the trial court concluded] that it falls under the Statute of Frauds in that it is not a contract to be performed within one year. Although there is a possibility that performance of [defendant's acknowledged obligation to repay the $20,000 he admitted receiving from plaintiff] would occur after a period of time greater than [one] year, there is also the possibility that this contract would be performed within one year, and the possibility of performance within one year is sufficient to remove the alleged oral contract from the Statute of Frauds. *Burney v. Ball*, 24 Ga. 505, 506 (4), 515; *Henderson v. Touchstone*, 22 Ga. 1, 4." *Weems v. Assn. Life Ins. Co.*, 154 Ga. App. 552, 554 (269 SE2d 57). Moreover, "[t]he provisions of Code Section 13-5-30 do not extend to the following cases: . . . Where there has been performance on one side, accepted by the other in accordance with the contract[.]" OCGA § 13-5-31 (2). The judgment for defendant, who "figure[s] [he] still owe[s] her around $6,000.00," cannot be sustained on the ground that this agreement, completely executed by plaintiff and acknowledged to exist by defendant, was unenforceable within the purview of OCGA § 13-5-30 (5). " '(I)t is apparent that the trial court's [judgment] in the case sub judice rests upon an erroneous legal theory. The trial court's reliance on an erroneous legal theory requires reversal. (Cits.)' *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 841 (2) (315 SE2d 51) (1984)." *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (2) (387 SE2d 429).

2. Remaining enumerations have been considered and are found

to have been rendered moot by our disposition in Division 1.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 21, 1995.

*Paul S. Liston*, for appellant.
*M. Byron Morgan*, for appellee.