## A95A2644. GEORGE v. ROBERTS.
(469 SE2d 249)

McMURRAY, Presiding Judge.
Plaintiff Everett L. Roberts brought this action on a promissory note against defendant Richard D. George, Jr., alleging that defendant "failed and refused to pay said Promissory Note and interest de-

spite repeated demands [and further alleging that] Defendant is indebted to Plaintiff in the amount of TEN THOUSAND DOLLARS," plus interest. Personal service was made on December 13, 1994. Defendant answered pro se, admitting only that he "executed an eighteen (18) month Promissory Note to Plaintiff, . . . on November 10, 1989," but generally denied being indebted to plaintiff. Defendant raised the affirmative defenses of the statute of limitation and laches. On February 7, 1995, plaintiff served defendant with requests for admissions. Defendant's response to these requests for admissions was filed on March 13, 1995. There, defendant admitted being one of the makers of the promissory note and that his signature thereon was genuine, but denied being indebted to plaintiff.

Thereafter, plaintiff moved for summary judgment, based upon the following facts: Defendant was one of three makers of a promissory note who on November 10, 1989, "jointly and severally promise[d] to pay to the order of [plaintiff], . . . the principal sum of Ten Thousand Dollars ($10,000)," at 18 percent interest per annum, with a maturity date of May 10, 1991. Plaintiff acknowledged partial payment in the amount of $1,500, but nevertheless demanded judgment as to the remaining principal of $8,500 and accrued interest on the unpaid balance in the amount of "$8,145.00." Defendant opposed the motion with his affidavit, wherein he deposed that plaintiff "agreed to satisfy and deliver said promissory note to me in return for a subscription of and granting of an ownership interest in T-Bird Management Corporation, a Georgia corporation, which owned and operated a restaurant located in Underground Atlanta[; that plaintiff] was granted an interest in the restaurant [. . . but that plaintiff] has failed to deliver the promissory note and is wrongfully attempting to collect amounts not due to him . . ." thereunder.

The trial court granted plaintiff's motion for summary judgment, in the principal sum of $8,500, plus interest of $6,272.64, plus costs. This direct appeal followed. *Held:*

Defendant contends the trial court erred in granting summary judgment because plaintiff failed to present undisputed evidence that defendant owed him any money and because plaintiff failed to submit evidence that would "pierce [defendant's] defenses of payment and accord and satisfaction." We disagree.

OCGA § 11-3-307 (2) provides: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." "Accord and satisfaction is an affirmative defense which must be set forth in pleading to a preceding pleading. OCGA § 9-11-8 (c). [Cit.] Where not pleaded, it is waived. [Cits.]" *Cassidy v. Wilson*, 196 Ga. App. 6, 8 (395 SE2d 291). Even under the Civil Practice Act, " 'Testimony offered for the purpose of proving an accord and satisfaction is inadmissible in be-

half of a defendant whose answer [as amended] does not set up a defense to which such testimony would be applicable.' *Ingram v. Hilton & Dodge Lumber Co.*, 108 Ga. 194 (1) (33 SE 961)." *Blanchard v. Ga. S. & Fla. R. Co.*, 117 Ga. App. 858 (1), 859 (162 SE2d 442). In the case sub judice, defendant did not timely raise the affirmative defenses of payment or accord and satisfaction in his answer or by amendment. OCGA § 9-11-8 (c); *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 326 (233 SE2d 278). Since there was in the case sub judice no admissible evidence to rebut plaintiff's prima facie showing, the trial court correctly granted summary judgment to plaintiff on the note defendant made.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 1, 1996 —
RECONSIDERATION DENIED MARCH 12, 1996 — 

*Schnader, Harrison, Segal & Lewis, John C. Porter, Jr., Warren N. Sams III, Deborah A. Gibson*, for appellant.
*Harrison & Harrison, Stephen P. Harrison*, for appellee.