A96A2305. RESIVENTURE, INC. et al. v. NATIONAL LOAN INVESTORS, L.P.]
(480 SE2d 212)

RUFFIN, Judge.

National Loan Investors, L.P. ("NLI") sued Resiventure, Inc. ("Resiventure"), Gary Wallace and Rollin Rockett to collect on a promissory note. The trial court granted NLI's motion for summary judgment, and Resiventure, Wallace and Rockett appeal. For reasons which follow, we reverse.

In July 1988, Resiventure borrowed $550,897 from Habersham Federal Savings Bank. Resiventure was required to satisfy the note by July 1989. According to the note, no payments were due until that time. Wallace and Rockett personally guaranteed payment of the note.

Less than a month before the note matured, the Federal Savings & Loan Insurance Corporation ("FSLIC") was appointed as receiver for Habersham Federal Savings Bank. When the FSLIC investigated the bank's records, it found that no payments had been received on the note. Based on the results of its investigation, the FSLIC issued a bank statement to appellants demanding immediate payment of a principal balance of approximately $525,000, as well as a $72,000 payment for interest accrued through August 31, 1989. Appellants

did not contact the bank to dispute the statement.

Thereafter, principal and interest payments were submitted by appellants. The FSLIC's successor, the Resolution Trust Corporation ("RTC"), released the property securing the note as payments were submitted. However, $25,449.30 in principal remained owing.

In March 1993, NLI purchased the note and personal guarantees from the RTC. The RTC provided appellants with documentation regarding the payment history of the note. In addition, NLI sent a letter to appellants informing them of the outstanding balance on the note. NLI also provided appellants with records showing the outstanding balance and offered to adjust the balance if appellants could present evidence of further payment. Appellants failed to respond with any evidence, and NLI filed suit in March 1994 to collect the indebtedness.

Resiventure, Wallace and Rockett answered NLI's complaint and admitted executing the note and personal guarantees. Payment was not asserted as an affirmative defense in their answers.

During discovery, NLI requested evidence of payment. Four months later and nearly one year after NLI first requested evidence of payment, appellants presented seven checks which were not drawn on appellants' account and did not specify payment to any account. According to appellants, these payments were drawn on the account of Kyvest, Ltd., a company operated by Rockett, which was working with Resiventure. After investigating the checks, NLI moved for summary judgment in April 1995. In August 1995, appellants amended their answers to raise payment as an affirmative defense.

The trial court granted NLI's motion for summary judgment, ruling that appellants waived the payment defense and were without excuse or justification in failing to assert the defense until 17 months into the litigation. The trial court alternatively ruled that appellants' payment defense was barred by 12 USC § 1823 (e).

1. In their first enumeration of error, appellants contend the trial court erred in failing to allow them to assert the affirmative defense of payment. We agree.

Pursuant to OCGA § 9-11-8 (c), payment is an affirmative defense which must be set forth in the responsive pleading. However, OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." In addition, OCGA § 9-11-15 (c) provides that when the defense asserted in an amended pleading arises out of the transaction set forth in the original pleading, the amendment relates back to the date of the original pleading. Based on these statutes, we have previously held that "[p]ayment, one of the affirmative defenses itemized at OCGA § 9-11-8 (c), may be raised by amend-

ment." (Citation and punctuation omitted.) *Abdalla v. DDCB, Inc.*, 216 Ga. App. 667, 669 (455 SE2d 598) (1995) (physical precedent only).

In the present case, appellants amended their answers, adding the following as a seventh defense: "The Defendants assert that the obligation which Plaintiff alleges is owed by Defendants has been paid in full." The record further shows that no pretrial order had yet been filed in the case. Thus, appellants were permitted to amend their answers to include this defense without leave of court. Accordingly, the trial court erred in failing to consider appellants' affirmative defense of payment. However, the question remains whether this defense was barred as a matter of law pursuant to 12 USC § 1823 (e) and *D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U. S. 447 (62 SC 676, 86 LE 956) (1942).

2. The *D'Oench* doctrine prohibits the maker of a promissory note from asserting a defense based on any agreement that would tend to deceive the FDIC. In *D'Oench*, the petitioner sold bank bonds which later defaulted. Although the petitioner subsequently executed a note so that the bank could avoid showing a loss on its books, both parties agreed that the bank would not require payment of the note. When the FDIC acquired the note as collateral for a loan to the bank, it sued the maker of the note for payment. The Supreme Court held that because the maker of the note "was responsible for the creation of the false status of the note in the hands of the bank[,]" he was estopped from asserting defenses that would defeat federal policies designed to protect the FDIC. Id. at 461.

Similar to the *D'Oench* doctrine, 12 USC § 1823 (e) was enacted to afford greater protection to the FDIC. Pursuant to this statute, the maker of a note may not assert a defense based on any agreement that does not clearly appear in a bank's records. This statute "ensures that federal and state examiners can rely on a bank's records when evaluating the bank's assets. [Cit.]" *Bufman Organization v. Fed. Deposit Ins. Corp.*, 82 F3d 1020, 1025 (6) (11th Cir. 1996).

While the reach of *D'Oench* and 12 USC § 1823 (e) is broad, courts have recognized that some claims fall outside the scope of their bar. "That § 1823 (e) (1) does not apply to every conceivable defense is evident from the terms of the statute, which applies only to claims or defenses that are based on an agreement that does not meet the requirements of that section." *Bufman*, supra at 1029 (13). For example, the bar "does not apply to the defense that an asset is invalid due to events unrelated to any unrecorded side agreement, or to the defense that no asset existed for the FDIC to acquire. [Cit.]" Id.

In the present case, we find that appellants' claim of payment is not based on any agreement not evident from the bank's records. NLI has failed to establish the existence of any undisclosed agreement

between appellants and the bank. Rather, appellants contend that summary judgment was inappropriate because their note was paid in full and extinguished as a matter of state law. Since the payment defense is independent of any side agreement, the trial court erred in applying 12 USC § 1823 (e) and *D'Oench* to bar appellants' payment defense.

Accordingly, nothing in these authorities precluded appellants from asserting the payment defense, and summary judgment should not have been granted on that ground.

We note that this holding in no way addresses the merits of appellants' claim of payment.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 16, 1996 —
RECONSIDERATION DENIED JANUARY 10, 1997 —

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellants.
*Parker, Johnson, Cook & Dunlevie, Sonya Y. Ragland, R. Wayne Bond*, for appellee.

