## A97A1592. BROWN v. LITTLE.
### (489 SE2d 596)

ELDRIDGE, Judge.

Appellant Debbie L. Brown appeals from a ruling of the Superior Court of Fayette County on her suit to collect a debt from her former brother-in-law, appellee Richard E. Little. We reverse the trial court's ruling and remand the case for a new trial.

Appellant was married to appellee's brother, Raymond Little, until October 1992. In 1990, appellant inherited $32,000 from her father's estate. Following a request from appellee, appellant loaned appellee $20,000 of such inheritance on March 2, 1990; the actual terms of the oral contract are in dispute. On October 16, 1990, appellee paid appellant $2,100 toward the loan; a second loan payment of $200 in cash followed in August 1991. Both payments were made directly to appellant. Although appellant repeatedly requested payment from appellee, she received no further payments; appellee never claimed to have made payments to appellant's husband, Raymond Little, on her behalf. Appellant filed a suit to collect the debt in the Superior Court of Fayette County on June 16, 1993. Appellee responded with a general denial, but amended his answer on the day before trial to include a Statute of Frauds defense. The answer did not assert payment as an affirmative defense.

At trial, appellee attempted to testify for the first time that he gave his brother, appellant's former husband, checks made out to his brother totaling $14,000.78 between November 30, 1990 and February 14, 1992. Appellant's counsel objected, as the affirmative defense of payment had not been asserted in appellee's answer or amended answer, as required by OCGA § 9-11-8 (c). The trial court overruled appellant's objection and allowed the testimony regarding this affirmative defense without amendment to appellee's answer.

In rebuttal, appellant denied ever sending her former husband to collect payments from appellee; receiving the checks from her former husband; or knowing of the alleged additional payments by appellee. Following the bench trial, the trial court ruled that appellant's claim was barred by the Statute of Frauds. This ruling was subsequently appealed to this Court, which reversed the decision and remanded the case back to the trial court. *Brown v. Little*, 217 Ga. App. 632 (458 SE2d 669) (1995). In lieu of a new trial, both parties agreed to re-submit the case to the trial court based on the transcript from the original bench trial. The trial court subsequently found that appellee had made a total of $19,300.78 in payments on the loan and accrued interest.[1] The trial court specifically noted that, since appel-

---

[1] The trial court credited to appellee $2,300 in payments directly to appellant; $12,000.78 in payments made to appellant's former husband; and $5,000 in payments made

lant and her former husband were still married at the time appellee made the loan payments directly to the husband, the payments were "received into the family," so that "the proper party for an action for these sums lies with" appellant's former husband, not appellee. The trial court reasoned that the husband had received the payments from appellee and had failed to disclose them to appellant. The trial court then awarded appellant a total of $3,057.36, which included $699.22 in remaining principal and $2,358.14 in accrued interest. *Held*:

1. In the first enumeration of error, appellant asserts that the trial court erred in allowing appellee to present evidence of payments made to appellant's former husband, since appellee failed to assert such payment as an affirmative defense in his answer or amended answer, as required by OCGA § 9-11-8 (c). We agree.

Under OCGA § 9-11-8 (c), payment is an affirmative defense which must be specially pled in the answer or raised as an amendment to the answer at any time prior to entry of a pre-trial order. OCGA §§ 9-11-12 (b); 9-11-15 (a); see *Resiventure v. Nat. Loan Investors*, 224 Ga. App. 220 (480 SE2d 212) (1997); *Abdalla v. DDCB*, 216 Ga. App. 667, 669 (455 SE2d 598) (1995); *Standard Accident Ins. Co. v. Ingalls Iron Works Co.*, 109 Ga. App. 574 (136 SE2d 505) (1964); *Rahal v. Titus*, 107 Ga. App. 844 (131 SE2d 659) (1963); see also *George v. Roberts*, 220 Ga. App. 583, 584-585 (469 SE2d 249) (1996). Further, if the affirmative defense is not pled, it is waived, and any evidence regarding the defense is inadmissible at trial. *Ingram v. Hilton & Dodge Lumber Co.*, 108 Ga. 194 (33 SE 961) (1899); *Blanchard v. Ga. Southern & Fla. R. Co.*, 117 Ga. App. 858, 859 (162 SE2d 442) (1968); see also *George v. Roberts*, supra at 584-585; *Ohoopee Prod. Credit Assn. v. Aspinwall*, 183 Ga. App. 306, 307 (358 SE2d 884) (1987).

In the case sub judice, appellee answered appellant's complaint with a general denial; he later amended his answer to include a Statute of Frauds defense. He never asserted a defense of payment prior to trial. As such, appellee waived this defense, and the testimony should have been excluded. The trial court abused its discretion in overruling appellant's objection, allowing the testimony, and crediting such payments as a set off against appellee's indebtedness. Therefore, the judgment must be reversed.

In remanding this case for retrial, we note that appellee will have the opportunity to amend his answer to include the defense of payment at any time prior to the re-trial or the entry of a pre-trial

---

to appellant following the previous bench trial, in July 1994. Although appellee's testimony indicated that he had paid appellant's former husband $14,000.78, the checks in evidence totaled $12,000.78.

order. See OCGA § 9-11-15 (a) and (c); *Resiventure v. Nat. Loan Investors*, supra; *Abdalla v. DDCB*, supra. Such opportunity is consistent with the purpose of the Civil Practice Act's requirement that affirmative defenses be pled before trial, which is to "prevent surprise and to give the opposing party fair. notice of what he must meet as a defense." *Ohoopee Prod. Credit Assn. v. Aspinwall*, supra at 307; *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (341 SE2d 294) (1986); *Phillips v. State Farm &c. Ins. Co.*, 121 Ga. App. 342 (173 SE2d 723) (1970). Assuming that appellee in the case sub judice properly amends his answer to incorporate the defense of payment, appellant will have received the notice required by the CPA and will have the opportunity to prepare a response to appellee's assertions.

2. In her second enumeration of error, appellant asserts that the trial court erred when it ruled that checks allegedly given by appellee to appellant's former husband were payments made "into the family," i.e., to both appellant and her former husband. We agree.

The trial court apparently assumes that all funds brought into a marriage are jointly owned by both spouses. However, Georgia has never subscribed to a community property theory regarding assets acquired during marriage while the marriage exists. Instead, this state has developed extensive case law on treating assets as either separate or marital property, but such analysis applies *only* for the purpose of the equitable division of property upon the dissolution of the marriage. See *Yates v. Yates*, 259 Ga. 131 (377 SE2d 677) (1989); *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982); *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982); *Stokes v. Stokes*, 246 Ga. 765, 768 (273 SE2d 169) (1980), and cases cited therein. Therefore, the trial court erred as a matter of law in determining that the checks given by appellee to appellant's former husband during the marriage became the property of both spouses jointly and in crediting the checks against appellee's outstanding indebtedness to appellant.

Since there is no dispute that the loan to appellee was made with appellant's separate property, i.e., the proceeds of an inheritance from her father, and since it is clear that appellant's former husband had no property interest whatsoever in the loan transaction, the proper analysis is whether appellant's former husband was acting as an agent for appellant in accepting the checks from appellee in repayment of the loan. In other words, in the case sub judice, testimony that the alleged payments were made to the husband, without additional evidence in the record proving an agent/principal relationship, is insufficient to carry appellee's burden of proof on his affirmative defense of payment on the loan. See *Hinely v. Barrow*, 169 Ga. App. 529, 530 (313 SE2d 739) (1984).

In Georgia, an agency relationship is created "wherever one per-

son, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. "Agency may result where one party has apparent authority to effect the legal relations of another party by transactions with a third party, but it must be emphasized that apparent authority to do an act is created as to a third person when the statements or conduct of *the alleged principal* reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent. Where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." (Citations and punctuation omitted; emphasis in original.) *Hinely v. Barrow*, supra at 530-531. Clearly, an agent/principal relationship cannot be inferred between two individuals solely because they are married. See id. at 531; compare *Barron v. Chamblee*, 199 Ga. 591, 599 (34 SE2d 828) (1945) (husband was agent for wife when he acted in her presence without her objection); *Aronoff v. Woodard*, 47 Ga. App. 725 (171 SE 404) (1933) (wife permitted husband to manage and control her property to the extent that others were induced to believe that the property belonged to him or that he was acting as her authorized agent).

In the case sub judice, appellant's former husband testified that his brother, the appellee, had given him checks totaling $14,000.78 in repayment of the loan that is the subject of this dispute. These checks were endorsed by appellant's husband and deposited in the husband's personal bank account. Appellee presented no evidence that appellant authorized her former husband to accept checks on her behalf; that appellant made any statements that could reasonably indicate that she had consented to her former husband acting as her agent; that appellant ratified her former husband's acceptance of the checks; or that appellant even knew about the alleged payments on the loan.

Therefore, the evidence at trial was insufficient to establish an agency relationship between appellant and her former husband, and the trial court erred in subtracting the alleged payments to appellant's former husband from the court's award to appellant.

*Judgment reversed and remanded for re-trial in a manner consistent with this opinion. Birdsong, P. J., and Ruffin, J., concur in judgment only.*

DECIDED JULY 21, 1997.

Paul S. Liston, for appellant.
Millard B. Morgan, for appellee.